## Madisonville, Hartford & Eastern Railroad Co., et al. v. Graham.

(Decided March 16, 1912.)

### Appeal from Ohio Circuit Court.

Railroads—Action for Special Damages—Loss of Crops—Negligent Construction of Embankment—Rule as to Recovery.—In actions for overflow of land, where the structure is permanent and properly built, a single recovery must be had for all damages; where a structure unlawfully or negligently built, though intended to be permanent, recurring recoveries for such improper or negligent construction, may be had as the injuries occur, and for a temporary structure, recurring recoveries may be had as the injuries

occur, and whether the original construction was unlawful or negligent, is a question for the jury.

BENJAMIN D. WARFIELD, CHAS. H. MOORMAN and GLENN & SIMMERMAN for appellants.

H'EAVRIN & WOODWARD for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee owned a farm in Rough river bottom in Ohio county, Kentucky, near the place where Adam's fork flows into it, and immediately below this point appellants constructed a railroad upon an embankment from eight to ten feet high. The river and bottom, at the point where the railroad crosses them, is about two miles wide. It is in testimony that the bottom is a little higher at and near the river than out from it and that it declines from the banks to the hills. In the bottom upon the side on which appellee' land is located, there were three or four natural water courses, or drains, running along parallel with the river through which the water passed before the railroad was built, but all these natural water ways, except one, were obstructed by appellants when they built the railroad. Appellee alleged in his petition that appellants' railroad was so negligently constructed that the embankments checked and caused a large volume of water to flow upon and inundate his land; that they negligently failed to construct sufficient culverts, trestles and drain pipes to allow the natural flow of the water to pass through the embankment, and that by reason of this negligence he lost his crops of hay, corn and sugar cane in the years 1909 and 1910, whereby he was damaged in the sum of about $2,700. Upon a trial of the case, the jury awarded him $1,000 as damages. The petition was not founded upon the idea of a recovery for the loss of the rental value of the land, if rented, nor the use thereof, if occupied by the owner, nor was it founded upon the idea that the structure was permanent; but what appellee did seek to recover was special damages for the loss of his crops for the two years' named, by reason of the negligent construction of the embankment which caused the water to overflow his crops; and the case was submitted to the jury under the court's instructions. The cases of M., H. & E. R. R. Co. v. Thomas, 140 Ky., 143; M., H. & E. R. R. Co. v. Renfro, 127 S. W., 508, and M., H. & E. R. R.

Co. v. Cates, 138 Ky., 257, were similar to the case at bar and the court considered questions raised on this appeal and approved instructions similar in substance, to those given in this case. While the instructions are subject to some verbal criticism, we do not see that they are substantially prejudicial under the evidence. The substance of the case was presented to the jury and we do not think they could have been misled by the form of the instructions.

An examination of the cases decided by this court shows we have laid down the following principles: (1) For a permanent structure, properly built, a single recovery must be had for all damages; (2) for a structure unlawfully or negligently built, though intended to be permanent, recurring recoveries for such improper or negligent construction, may be had as the injuries occur; (3) for a temporary structure, recurring recoveries may be had as the injuries occur; (4) whether the original contruction was unlawful or negligent, is a question for the jury under the evidence when presented by the pleading and the proof is conflicting.

In L. & N. R. R. Co. v. Orr, 91 Ky., 109; Hay v. City of Lexington, 114 Ky., 669; Richmond v. Gentry, 136 Ky., 319, and many similar cases, it was held that the structure being permanent and properly constructed, a recovery once for all must be had. On the other hand, in City of Louisville v. Coleburn, 22 Ky., L. R., 64; Klosterman v. C. & O. Ry. Co., 22 Ky. Law Rep., 192; Finley v. Williamsburg, 24 Ky. Law Rep., 1338, and a number of subsequent cases, it was held that recurring recoveries might be had where the structure was unlawful or negligently built, and by reason of such unlawful or negligent construction, injury was inflicted from time to time. In L. & N. R. R. Co. v. Cornelius, 111 Ky., 752; Childers v. L. & N. R. R. Co., 24 Ky. Law Rep., 2375; Stith v. L. & N. R. R. Co., 109 Ky., 168; L. & N. R. R. Co. v. Brinton, 109 Ky., 180; M., H. & E. R. R. Co. v. Thomas, 140 Ky., 143, and in the cases therein cited, it was held that there was a negligent construction of the railroad if a company built a fill and did not leave such openings as were reasonably sufficient for the escape of the water that a person of ordinary prudence should anticipate from the rainfalls that may be reasonably expected to occur.

In addition to this, there are cases where the trouble

can not be remedied at a reasonable expense; that is, where the cost of remedying it would be so great as to justify the railroad company in condemning the property and taking it under the power of eminent domain. In this character of cases, there should be a recovery once for all. In building a railroad, the company may do its work so as to deflect a stream from its course, but this may be necessary in the construction of the road. So it had been held that if the trouble may be remedied at a reasonable expense, it may be regarded as temporary; but if the trouble can not be so remedied, it should be regarded as permanent; and this is a question for the jury. (L. & N. R. R. Co. v. Whitsell, 125 Ky., 433; I. C. R. R. Co. v. Haynes, 122 S. W., 211; L., H. & St. L. Ry. Co. v. Roberts, 144 Ky., 820.)

But in cases like this,.where the trouble arises simply from the failure of the railroad company to put in sufficient escapes for the water, such a principle can rarely be applied, and there is no foundation for it in the proof here. When the principle is applied, the plaintiff's action will not be barred if not begun within five years after the construction of the railroad, and the plaintiff has the right to maintain successive actions until the railroad company has acquired the right to maintain the structure as it is by having the damage assessed once for all. A private person may not take private property for private purposes, and so he can not be relieved because of the amount it will cost him to remedy a trouble of this sort he has created. But corporations empowered to take property under the power of eminent domain, stand on a different footing, and they may be allowed to maintain such structures, if .necessary for the purposes of their creation, upon paying the damages once for all to the property owner. But to obtain this relief, they must by appropriate pleading seek it and support the pleading by proof of facts sufficient to warrant a condemnation of the property for its purposes.

There are also cases in which the parties have both treated the structure as permanent; and where they did this, the court also so treated it. (C. & O. R. R. Co. v. Stein, 142 Ky., 520; M., H. & E. R. R. Co. v. Wiar, 144 Ky., 206.)

In the case at bar, there is nothing to take it out of the rule usually applied in cases of negligent construction.

Judgment affirmed.