# CHARLESTON.

## ADDIE MANLEY v. D. BROWN.

Submitted March 14, 1922.     Decided March 21, 1922.

1. WATERS AND WATER COURSES—*Owner of Ditch is Liable to Adjoining Owner for Erosion and Loss of Subjacent Support of Structure.*

   While an owner of real estate may construct thereon a drain for the purpose of gathering and conveying thereover the surface water, he will be liable for damages sustained by an adjoining owner from the washing away of his soil by the erosion of the water in the ditch, as well as for damages to any structures upon the land of such adjoining owner, which are injured by being deprived of their subjacent support by the erosion of the water in such drain. (p. 566). '

2. SAME—*Measure of Owner's Damages From Erosion from Drain Held to be the Cost of Repairs and Restoring Property to Former Condition.*

   Where an injury to property is inconsiderable in extent as compared with the value of the property, and can easily be repaired and the property restored to the condition in which it was prior thereto, and the owner does so restore it, ordinarily his measure of damages is the cost of making such repairs and restoring the property to its former condition. (p. 567).

Error to Circuit Court, Mingo County. '

Suit by Addie Manley against D. Brown, before a justice of the peace. Judgment for plaintiff, and on appeal to the

circuit court, verdict and judgment for plaintiff, and the defendant brings error.

*Affirmed.*

*Thomas West,* for plaintiff in error.
*Stafford & Rhodes,* for defendant in error.

RITZ, JUDGE:

Plaintiff brought this suit before a justice of the peace to recover damages from the defendant for injury to a wall constructed upon her lot next to the lot of the defendant. She had a judgment before the justice, and on appeal to the circuit court of Mingo County a trial before a jury resulted in a verdict in her favor for $175.00, upon which the court rendered judgment, and it is to review this judgment that this writ of error is prosecuted.

The plaintiff and the defendant are the owners of adjoining lots fronting on Fifth Avenue in the city of Williamson. The front of these lots is somewhat lower than the rear, and the defendant's lot is also lower than the plaintiff's lot, so that the surface drainage is generally toward the street and the defendant's lot. Prior to the time either of the parties to this suit acquired these properties there was built along the line of plaintiff's lot, where the same adjoins the lot of the defendant, a stone wall. The purpose of this wall was to permit the lot to be filled to some extent on that side so as to make it level. This wall was two feet wide at the base, and tapered to a width of eighteen inches at the top. It was constructed upon the surface of the ground as it then existed, and was about 4 1-2 to 5 feet high at the end where it intersected the street line, and because of the elevation of the ground the height was reduced as the wall extended toward the rear of the lot. The surface of the defendant's lot was on the same level as the base of this wall. The plaintiff's lot had been filled in behind the wall, so that the surface of it was somewhat higher than the surface of the defendant's lot. It appears that the defendant had some trouble in protecting his basement from the surface water. The water from the alley in the rear of the lot, as well as

the water collected upon his lot, drained into his basement in times of rain and freshet and flooded the same. In or-\ der to overcome this he dug a ditch along the side of his lot next to the plaintiff's wall some twelve to fourteen inches deep, through which the surface water was conveyed to the street and cast into a sewer at that point.. At the time the ditch was dug no injury was done to the plaintiff, but fearing that the water running through the ditch would wash away the soil and undermine her wall, and cause the same to fall, she called the defendant's attention to the danger, but he declined to take any steps to overcome it. According to the evidence this ditch was in use for the purpose of conveying the surface water off of the defendant's lot for something like a year. By this time the process of erosion had been carried on to such an extent that the soil under the plaintiff's wall had been washed away, and the wall undermined so that it fell. The plaintiff then called upon the defendant to replace the wall, and upon his refusal to do so she had the wall rebuilt, and brought this suit to recover the amount expended by her in restoring the same.

The defendant insists that he is not liable for the reason that the ditch was dug upon his own land, and that he was under no obligation to furnish lateral support to plaintiff's lot, burdened as it was by this stone wall, but only in its natural state, and that inasmuch as the plaintiff knew that her lateral support was being taken away she was under the obligation to take such steps as might be necessary to protect her wall. This contention might be correct if the basis of this suit was deprivation of lateral support. Such, however, is not the case. The evidence conclusively shows that the damage here did not come from any failure of the lateral support, but because the subjacent support had been removed. It is not at all likely that a wall such as this would have fallen had not the water washed under it and deprived it of subjacent support. It was two feet wide at the base, and not of sufficient height to impose such a burden upon the soil as likely to cause it to fall from failure of lateral support, and the truth is, as shown by the evidence, that it did not so fall; that it remained uninjured

until the soil was washed from under it.    Now, there is no doubt that the defendant had a right to dig a ditch upon his own land for the purpose of carrying off the surface water, or for any other proper purpose, but when he does this he must so construct his drain or ditch as that it will not encroach upon the adjoining owner and do him damage. If it does so encroach he will be liable for the resulting injury. Farnham on Waters and Water Rights, § 926; *Armstrong* v. *Luco*, 102 Calif. 272; *Harrison* v. *Great Northern Ry. Co.*, 3 Hurlstone & Coltman 231, 159 Eng. Reprint 518. It follows from this that the defendant is liable to the plaintiff for the injury sustained by her.

The defendant insists, however, that the plaintiff was not entitled to recover the full amount paid by her for restoring the wall and repairing the damage; that the true measure of damages is the difference between the value of the plaintiff's property before the wall fell and immediately afterward.    Ordinarily it is true that the measure of damages for an injury to real estate is the difference in the value of it immediately before and immediately after the injury is inflicted.    But can it be said that the recovery of damages in this case is any more than another way of applying that rule?    The injury inflicted as compared with the total value of the property was inconsiderable, and in such cases it has been held that the injured party may repair the damage done him and recover the cost of making such repairs.    In other words, he may restore his property to the condition in which it was before the injury was inflicted, and the cost of doing this will represent the exact difference between the value of the property before and after the injury.    *Gorby* v. *Bridgman*, 83 W. Va. 727-734; *Stilwell & Bierce Mfg. Co.* v. *Phelps*, 130 U. S. 520.

We find no error in the judgment complained of, and the same is affirmed.

*Affirmed.*