## Chicago, St. L. & N. O. R. Co. et al. v. Hicks et al.

(Decided June 2, 1933.)

BENNETT, ROBBINS & SMITH for appellants.
L. L. HINDMAN for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is an action brought in the Hickman circuit court by the appellees, H. A. Hicks, Hettie Hicks (wife of H. A. Hicks), and John Ladd, against the appellants, Chicago, St. Louis & New Orleans Railroad Company and Illinois Central Railroad Company, to recover damages to plaintiff's crop by overflow of water alleged caused by the improper construction and maintenance of an embankment constructed by the appellant railroad companies. Judgment was recovered against the defendants from which they here appeal.

Hettie Hicks and her husband, H. A. Hicks, were, during the year 1929 and for many years prior thereto, the owners of a certain tract of low lying farming land of some 74 acres, situated in Hickman county.

This tract was traversed along its eastern boundary by a drainage ditch, wherein was received and carried off the water originating upon the adjoining land lying to the south and southeast and which flowed into this main ditch, extending for some distance southward, through four laterals or drains.

In the years 1925 and 1926, it appears that the appellant railroad companies, defendants below, constructed a railroad line east of and near to appellee's

farm and running north and south, practically parallel with this drainage ditch. In building this line of railroad, these three of four laterals to the main ditch were crossed by it. Passages under the railroad were made to carry the water which gathered east of the road and came in a northwestwardly direction under the railroad embankment into the main ditch extending by appellee's farm.

Defendants, in building this, its railroad embankment, constructed it of rock, sand, and gravel taken from a nearby hill. The embankment is approximately 30 feet high, 135 feet wide at the bottom and 20 feet at the top, and is constructed, it is alleged, practically, if not wholly, of sand and gravel, with no dirt or clay of a binding quality to prevent its washing.

During the year 1929, the appellees, plaintiffs below, planted a portion of their 74-acre tract in corn, in a field thereof abutting on the ditch into which, it is alleged, the sand and gravel had so washed down from the embankment, through the small laterals leading into the main ditch, as to practically fill it in many places and to render it much more shallow throughout its course, and that, by reason of such obstruction of the ditch, the plaintiffs' corn field was overflowed and the planted crop thereby destroyed. Plaintiffs again planted their corn about the 1st of June, when it was again likewise destroyed. Thereafter, in May, 1930, after the repeated loss of the 1929 corn crop, consisting of 16 acres, plaintiffs filed suit, charging defendants with negligence in permitting their embankment to slough into the laterals, from whence the sediment was washed into the main ditch, filling it and causing, they allege, the overflow of waters over their field, resulting in the damage to their crop in the sum of $512.

Further, the plaintiffs filed amended petition, therein alleging that defendants had both carelessly and negligently constructed of loose sand and gravel their railroad embankment and the ditches leading from it, causing the sand and gravel to be washed in great quantities into the plantiiffs' ditch but further alleged that the defendants were also careless and negligent in the maintenance of their embankment and that, by reason of their negligent maintenance, as well as their negligent construction of it plaintiffs' damage complained of occurred. Further they alleged that the injury and damage

to plaintiffs' crop could have been, and could now be, easily averted by defendants at a moderate cost, and recurring damages be avoided by a proper construction and maintenance of their embankment.

Defendants filed demurrer to plaintiffs' petition, which being overruled, they filed answer traversing its allegations, and also by its second paragraph pleaded that the embankment complained of was a permanent structure, giving its dimensions, and that to change same would destroy defendants' roadbed, and that it could not be changed without great and unreasonable expense exceeding the amount of damages claimed by plaintiffs and also exceeding the value of the entire 74-acre farm. Further, they therein pleaded that their embankment was constructed and completed more than five years before plaintiffs' action was instituted, and pleaded the statute of limitations as a bar thereto. By paragraph 3 they answered and pleaded that their embankment was carefully and skillfully constructed and maintained, and asked that "the case be tried once and for all upon the issue of injury arising from a permanent structure," so barring recurring actions thereafter.

Plaintiffs filed a demurrer to defendants' plea of limitations, which was overruled, when they filed a reply denying most of the allegations of the answer, but did not deny the allegations of the answer that the embankment is a permanent structure or that it is of the dimensions stated, but only that "the injury sustained by reason of said embankment is of a permanent nature," nor did they deny that any remedial changes in the embankment would destroy defendants' roadbed as alleged by their answer, or that any change in same would cost an amount greater than the amount of damages claimed and greater than the value of plaintiffs' entire farm, on which the crops in controversy were grown.

Defendants' demurrer to this reply was overruled. By following pleadings the issues were formed and trial had, when verdict and judgment thereon was recovered by plaintiffs for $333. A new trial being refused, the defendants have appealed.

Appellants, by brief of counsel, state that their chief objections to the verdict returned in this case are: (1) That the court erred in failing to give a peremptory instruction, directing the jury to find for them; and (2) that the court should have submitted to the jury by a

proper instruction the question of whether the embankment was a permanent or temporary structure and should also have required the jury to say in their verdict whether they found damages arising from a permanent or temporary structure; and, further, that the trial court erred in failing to instruct the jury what constitutes a "reasonable cost" of making any remedial change in the embankment.

In view of the conclusion we have reached as to the error committed by the trial court in refusing to give an instruction upon the measure of recovery for injuries received from a permanent structure, and in not instructing the jury upon the measure of damages for such injuries, and in not defining by an instruction what in law constitutes a "reasonable cost" or expense for making a required change of a permanent structure, it will be unnecessary to discuss herein but briefly, if at all, defendants' various other assignments of error, made in their motion and grounds for a new trial, but not here further by brief argued or insisted on.

The legal questions thus presented by these contentions upon this appeal illustrate the different theories or conceptions of the law entertained in the practice of cases of this character.

Appellants contend that their railroad embankment is a permanent structure, properly built, and that, by reason of same, any damages which appellees may have suffered therefrom are of a permanent nature, and further contend that, five years having elapsed since the building of this permanent embankment before the filing of the suit, recovery is barred by the statute.

On the other hand, appellees' contentions are that the defendants' dump structure was negligently and carelessly built and maintained. and that, with a "reasonable cost," the alleged washing and sloughing of the embankment's construction materials causing the injury can be stopped, and that, therefore, the damage is of a temporary nature. With this latter theory the tria lcourt agreed and instructed the jury accordingly.

Looking now to the contentions thus presented by appellants, we are of the opinion that their contention that the appellees' right of action is barred by the five-year statute of limitations, as being for damages of a permanent nature, for which plaintiffs' cause of action

arose upon the completion of the structure, is without merit. Section 2515 of the Statutes under which such claim is made has often been otherwise construed by this court, in holding that for injuries caused by railroads to abutting property, resulting from an improper or careless operation, a cause of action does not accrue until the wrong is done. Louisville & N. R. Co. v. Orr, 91 Ky. 109, 15 S. W. 8, 12 Ky. Law Rep. 756; Ferguson v. Covington & C. El. Railroad & Transfer & Bridge Co., 108 Ky. 662, 57 S. W. 460, 22 Ky. Law Rep. 371.

In the instant case, the alleged injury to plaintiffs arose, not upon the completion by the defendants of their embankment, but only after their embankment had, by reason of its alleged negligent construction and maintenance, been permitted to slough off and wash into and fill the plaintiffs' ditch, then and thereby causing the overflow of their lands, resulting in the injury to their property, for which injury plaintiffs' cause of action then arose.

As to appellants' next contention—that they were entitled to an instruction based upon recovery for injuries caused by a permanent structure and to one also fixing the measure of damages for such injuries—this question was before this court and answered in the case of Madisonville, H. & E. R. Co. v. Graham, 147 Ky. 604, 144 S. W. 737, 738, where it said:

"An examination of the cases decided by this court shows we have laid down the following principles: (1) For a permanent structure, properly built, a single recovery must be had for all damages; (2) for a structure unlawfully or negligently built, though intended to be permanent, recurring recoveries for such improper or negligent construction may be had as the injuries occur; (3) for a temporary structure recurring recoveries may be had as the injuries occur; (4) whether the original construction was unlawful or negligent is a question for the jury under the evidence when presented by the pleadings and the proof is conflicting."

Again, in the case of Wasioto & B. M. R. Co. v. Blanton, 160 Ky. 134, 169 S. W. 589, 591, where a railroad company, in constructing its road on one bank of a river, by blasting, threw quantities of rock and other debris in the river, forcing the current upon the other bank, which washed away plaintiff's fences and land,

and the rock thus thrown into the river supported the road bed and was necessary for that purpose and could not be removed at a reasonable expense, the court said:

> "It will be seen that the court's instruction confined appellee's recovery to the damages he had received to the time of the trial, thereby treating the damage as a temporary damage, or as one that could be reasonably remedied, and consequently, permitting the landowner to recover for future damages. The rule has become well settled in this jurisdiction that where the injury or nuisance complained of is only temporary in its nature and can be remedied or removed at a reasonable cost, the damage, if any, which the plaintiff is entitled to recover is what he has sustained in being deprived of the use and occupation of his land, and successive actions for recurring damages may be brought. Where, however, the structure complained of is a permanent structure, not negligently built, and intended for permanent use, and cannot be removed or remedied without great expense, the recovery in damages to which the plaintiff is entitled, if any, is the diminution of the market value of his land; and to recover that damage the plaintiff can bring only one action, in which he must recover all the damages to which he is or may be entitled, either past, present, or future. C. & O. Ry. Co. v. Stein, 142 Ky. 515, 134 S. W. 1169; L. H. & St. L. Ry. Co. v. Roberts, 144 Ky. 822, 139 S. W. 1073; M., H. & E. R. R. Co. v. Graham, 147 Ky. 606, 144 S. W. 737; M., H. & E. R. R. Co. v. Thomas, 148 Ky. 131, 146 S. W. 43; C. & O. Ry. Co. v. Robbins, 154 Ky. 387, 157 S. W. 903; Shrout v. C. & O. Ry. Co., 157 Ky. 1, 162 S. W. 97."

Further, in the case at bar there were issues attempted to be made both as to the careless and negligent construction of defendants' embankment by the use of improper materials and also as to whether such faulty condition of their completed structure could be changed at a reasonable cost. These questions as here presented were also before the court and considered in the case of Louisville & N. R. Co. v. Bennett, 196 Ky. 679, 246 S. W. 121, 123, where it is said, in answer to the contention similar to that here urged by the defendant:

"But it is said by appellee that there is no pleading by appellants authorizing the introduction of such evidence or the giving of such an instruction; but in this we cannot concur.

"The distinct issue is made in the pleading whether this work can be repaired at a reasonable expense; the plaintiff alleges in his petition that it can be so repaired, and the defendants not only put that in issue, but affirmatively allege in another paragraph that the structures involved are permanent structures and that allegation was controverted on the record.

"In the Graham Case [147 Ky. 604, 144 S. W. 737], in discussing this class of cases involving the repair at a reasonable expense, it is said that—

" 'If the trouble may be remedied at a reasonable expense, it may be regarded as temporary; but if the trouble cannot be so remedied it should be regarded as permanent; and this is a question for the jury. L. & N. R. R. Co. v. Whitsell, 125 Ky. 433 [101 S. W. 334, 31 Ky. Law Rep. 76]; I. C. R. R. Co. v. Haynes [Ky.] 122 S. W. 211; L., H. & St. L. Ry. Co. v. Roberts, 144 Ky. 820 [139 S. W. 1073].'

"From this it is clear that the vital issue in such a case is whether the permanent structure can be remedied at a reasonable expense, and, that issue having been clearly made in this case, it follows that the court erred in not permitting the introduction of the evidence of value, and in refusing the instruction on that subject offered by appellants.

"The court should likewise instruct the jury that the reasonable expense contemplated is such expense as will not exceed in value the injury to the property involved.

"That is, if the reasonable expense of the repair work is equal to or in excess of the injury to the property; because of the negligent construction, then there should be a recovery as for a permanent injury and once for all."

See the further cases of Morton et al. v. C. & O. Ry. Co., 240 Ky. 199, 41 S. W. (2d) 1110; Cole & Crane v. May, 185 Ky. 135, 214 S. W. 885; Chicago, St. L. & N. O. R. Co. v. Bullock, 222 Ky. 10, 299 S. W. 1085; Louisville & N. R. Co. v. Bennett, 196 Ky. 679, 246 S. W. 121.

In view of the principles announced in these quoted cases, which we deem applicable to and controlling of the questions here presented, we conclude that the court was in error in refusing to instruct the jury, as requested, upon both theories of the case as advanced by the parties, i. e., as to whether the injury was caused by a permanent or by a temporary structure, and, further, as the measure of damages was different, where the injury was permanent and could not be removed or remedied at a "reasonable cost" from what it would be if only temporary, in not directing the jury to say in its verdict whether its allowance of damages, if any, was for a permanent or only a temporary injury, and yet again erred in not defining by a further instruction that by the term a "reasonable expense" required for remedying the embankment complained of was meant such "reasonable expense" or "reasonable cost" in making such remedail change as will not exceed in value the injury to the property involved, but, if such "reasonable cost" is "equal to or in excess of the injury to the property occurring because of the negligent construction, then there should be but one recovery allowed and that as for a permanent injury and once for all."

The court having failed to instruct the jury as here indicated, upon the issues it found were here presented by the pleadings and proof, and as to which we are of the opinion the defendants were entitled to have given, we conclude that the appellants were thereby substantially prejudiced, and for such reason the lower court's judgment must be reversed. Therefore, appellants' motion for an appeal is sustained, appeal granted, judgment reversed and the cause remanded for a new trial consistent with this opinion.

Judgment reversed.