(No. 6817.   January 22, 1941.)

MIKE ALESKO, Appellant, v. UNION PACIFIC RAIL-
ROAD COMPANY, a Corporation, Respondent.

[109 Pac. (2d) 874.]

Rehearing denied February 10, 1941.

Walter H. Hanson and Eugene McCann, for Appellant. .

James A. Wayne and Hamblen & Gilbert, for Respondent.

GIVENS, J.—Appellant sued to recover damages for the flooding of his homesite (buildings and yard shown in pictures below) and washing the top soil therefrom charged to have been occasioned by the negligent construction and maintenance of respondent's pile-supported trestle, south and up stream from appellant's premises, impeding and deflecting flood waters in Big Creek, Shoshone county, April 1938.

Plaintiff's Exhibits 2, 6, and 3, graphically portray the situation before and during the flood:

PLAINTIFF'S EXHIBIT "2."

THE WHITE APPEARANCE ON THE GROUND IS WATER NOT SNOW
PLAINTIFF'S EXHIBIT "6."

VIEW EAST OF APPELLANT'S BUILDINGS
THE WHITE APPEARANCE ON THE GROUND IS WATER NOT SNOW
PLAINTIFF'S EXHIBIT "3."

The railroad bridge was constructed as part of respondent's line up the South Fork of the Coeur d'Alene River in 1889, with 15 foot center pile bents. A flood in 1933–1934 washed through respondent's right of way at both ends of this bridge and flooded and eroded appellant's land, including some 40 acres south and east of the bridge then, not now, owned by him.

The deck of the trestle was then raised 14 inches and respondent straightened and deepened the channel of Big Creek for about 1,200 feet above and below the trestle, appellant donating the necessary right of way and contributing to the work by hauling the gasoline for a drag line shovel supplied by respondent. Other riparian owners further straightened and deepened the channel up stream to the south.

Respondent at the time of the instant flood attempted unsuccessfully in various ways to cope with the high water and prevent injury to appellant's land. After the water had subsided the W. P. A. removed, without cost to appellant debris from his land, restored the county road parallel to the railroad and his private roadway therefrom.

The jury returned a general verdict in favor of respondent, and ensuing judgment of dismissal resulted in this appeal.

Appellant offered evidence showing the cost of replacing the top soil on his property, contending the proper rule to be: "If the land is temporarily but not permanently injured the owner is entitled to recover the amount necessary to repair the injury and put the land in the condition it was at the time immediately preceding the injury, with legal interest," as thus stated in *Young v. Extension Ditch Co.*, 13 Ida. 174, 89 Pac. 296, and *Boise Valley Construction Co. v. Kroeger*, 17 Ida. 384, 402, 105 Pac. 1070, 28 L. R. A., N. S., 968; annotations in L. R. A. 1916E, 1011; 3 L. R. A., N. S., 973; 35 A. L. R. 1222; 38 A. L. R. 1388; 87 A. L. R. 1387; 15 Am. Jur. 517, sec. 109, p. 519, sec. 110.

Respondent contends to the contrary that the proper rule is that likewise announced in the same cases covering permanent injury thus: "If the land is permanently injured but not totally destroyed, the owner will be entitled to recover the difference between the actual cash value at a time immediately preceding the injury and the actual cash value of the land in the condition it was immediately after the injury, with legal interest."

The court gave the substance of the latter rule.

▮ The rule deducible from the authorities is that if the cause of the injury is abatable or preventable and the injury capable of rectification by reasonable restoration, i. e., not exceeding the damage to the property, the injury will be considered temporary and not permanent. (*St. Louis & S. F. Ry. Co. v. Ramsey*, 37 Okl. 448, 132 Pac. 478; *Slane v. Curtis*, 41 Wyo. 402, 286 Pac. 372, 288 Pac. 12, 69 A. L. R. 906; *Ponca City Milling Co. v. Krow*, 131 Okl. 98, 267 Pac. 629; *Green v. General Petroleum Corp.*, 205 Cal. 328, 270 Pac. 962, 60 A. L. R. 475; *Inyo Chemical Co. v. City of Los Angeles*, (Cal. App.) 34 Pac. (2d) 165, citing *Young v. Extension Ditch Co.*, 13 Ida. 174, *supra;* 17 C. J. 880, sec. 187; *Manley v. Brown*, 90 W. Va. 564, 111 S. E. 505; *Chicago, St. L. & N. O. Ry. Co. v. Hicks*, 249 Ky. 578, 61 S. W. (2d) 37; 1 Am. Jur. 500, Actions, sec. 119; 15 Am. Jur. 518, Damages, sec. 109; *Big Five Mining Co. v. Left Hand Ditch Co.*, 73 Colo. 545, 216 Pac. 719; *City of Ardmore v. Orr*, 35 Okl. 305,

129 Pac. 867; *Clark-Lloyd Lbr. Co. v. Puget Sound etc. Ry. Co.*, 96 Wash. 313, 165 Pac. 94; *Madisonville, H. & E. R. Co. v. Graham,* 147 Ky. 604, 144 S. W. 737, L. R. A. 1916E, 1055.)

Even though the injury be only temporary if the cost of restoration exceeds the value of the premises in their original condition, or the diminution in market value the latter are the limits of recovery. (Cases *supra,* and *Rabe v. Shoenberger Coal Co.,* 213 Pa. 252, 62 Atl. 854, 5 Ann. Cas. 216, 3 L. R. A., N. S., 782; *Belkus v. City of Brockton,* 282 Mass. 285, 184 N. E. 812; *Manley v. Brown, supra; City of Cincinnati v. McLaughlin,* 31 Ohio Cir. Ct. R. 503; 15 Am. Jur. 518, secs. 110 and 119.)

Since the duration of the cause and extent of the injury present questions of fact, it is for the jury under appropriate instructions reflecting the above *criteria,* to determine and specifically find whether the injury was temporary or permanent, apply the proper rule as to damages and conclude accordingly. (*Boise Valley Construction Co. v. Kroeger, supra; Rogers v. Oregon-Washington R. & Nav. Co.,* 28 Ida. 609, 156 Pac. 98; *Falk v. Humbird Lumber Co.,* 36 Ida. 1, 208 Pac. 404; *Idaho Gold Dredging Corp. v. Boise Payette Lbr. Co.,* 52 Ida. 766, 22 Pac. (2d) 147; *Idaho Northern R. R. Co. v. Post Falls etc. Co.,* 20 Ida. 695, 119 Pac. 1098, 38 L. R. A., N. S., 114; *Madisonville, H. & E. R. Co. v. Graham, supra; Deffenbaugh v. Washington W. Power Co.,* 24 Ida. 514, 135 Pac. 247; *Quillin v. Colquhoun,* 42 Ida. 522, 247 Pac. 740; *Louisville & N. R. Co. v. Bennett,* 196 Ky. 679, 246 S. W. 121; *Clark-Lloyd Lbr. Co. v. Puget Sound etc. R. Co., supra; Chicago, St. L. & N. O. R. Co. v. Hicks,* 249 Ky. 578, 61 S. W. (2d) 37; 17 C. J. 1069, sec. 374; 17 C. J. 846, sec. 167.)

Instruction No. 5[1] to properly delineate respondent's duty and the degree of care required in the construction and maintenance of the bridge should be reformed to read thus:

---

[1] "I instruct you that the defendant Railroad Company had the legal right to construct and maintain a bridge over Big Creek on its right of way at the place in question, and in constructing said bridge had a right to drive pile bents into the stream bed of Big Creek, providing of course that in so doing it used reasonable care not to divert the current of said stream or to place obstructions therein which through

"I instruct you that the defendant railroad company had a legal right to construct and maintain a bridge over Big Creek on its right of way at the place in question, providing of course that in so doing it used reasonable care not to divert the current of said stream or to place obstructions therein which through the accumulation of logs, brush or debris would dam back the waters of Big Creek and cause the same to overflow to the injury of persons owning land along the stream.

"Therefore, before you can find that the defendant railroad company was guilty of negligence in the manner of constructing or maintaining its bridge over Big Creek, you must find that it failed to do, or did, something which a reasonably prudent and careful person under all of the surrounding conditions disclosed in this case, would or would not have done. In other words, if you find from the evidence in this case that a reasonably prudent person in the construction and maintenance of a railroad bridge over Big Creek, under all the circumstances would have considered that said bridge was sufficient to take care of all flood waters that might reasonably be expected to come down, and that in addition it did all that a reasonably prudent person under all of the circumstances disclosed by the evidence herein would have done at the time of the flood to prevent injury to appel-

the accumulation of logs, brush or debris would dam back the waters of Big Creek and cause the same to overflow to the injury of persons owning land along the stream.

"Therefore, before you can find that the defendant Railroad Company was guilty of negligence in the manner of construction or maintaining its bridge over Big Creek you must further find that it did something which a reasonably prudent and careful man under all of the surrounding conditions disclosed in this case would not have done. In other words, if you find from the evidence in this case that a reasonably prudent railroad operator in the maintenance of its bridge over Big Creek, under all of the circumstances would have considered that said bridge was sufficient to take care of all flood waters that might reasonably be expected to occur in Big Creek, and the debris which might reasonably be expected to come down, then I instruct you that the defendant Railroad Company would not be guilty of negligence and your verdict should be for the defendant."

lant, then I instruct you that the defendant railroad company would not be guilty of negligence and your verdict should be for the defendant.'' (Cases *supra,* and *Barrett v. Southern Pacific Co.,* 207 Cal. 154, 277 Pac. 481, and *Denbeigh v. Oregon-Washington etc. Co.,* 23 Ida. 663, 132 Pac. 112.)

The court further in effect instructed the jury they should deduct from damages, if any, against respondent the remedial work done by the W. P. A. in partially cleaning appellant's land of the debris and other effects of the flood. Respondent seeks to justify this instruction on the basis of a claimed exception to the conceded general rule that a tortfeasor is not relieved from liability because of the contribution of others, because respondent through taxes paid by it in part supports the W. P. A., hence it was in a sense and to some extent its agency. There is no evidence to support such contention and though we should take judicial notice that respondent pays taxes which in part support the W. P. A. its proportion of such would be so slight and the consequent relationship so tenuous that no agency could be constructed thereon. The only authority brought to our attention which tends to support this proposition is *Alabama M. Ry. Co. v. Coskry,* 92 Ala. 254, 9 So. 202, which does not appear to have been followed by any other court and the underlying reason for the rule forbids the adoption of this exception. (15 Am. Jur. 793, Damages, sec. 354, note 7; *Northeastern Nash Automobile Co. v. Bartlett,* 100 Vt. 246, 136 Atl. 697; *Green v. General Petroleum Corp. supra;* see, also, annotations, 18 A. L. R. 678; 95 A. L. R. 575.)

Respondent urges the general verdict rendered innocuous this instruction as to the measure of damages because the jury perforce found no negligence, hence consideration of the amount of damages was never reached. This is a *non sequitur,* because there is nothing to indicate the jury did not find negligence, but to the contrary may have concluded there was negligence but either monetary damage was not sufficiently proven or that such did not exceed the value to appellant of the remedial work done by the W. P. A., which the court erroneously (*supra*) instructed them to take into consideration.

We find no errors in any of the other instructions given or the rejection of those requested but refused.

A new trial was sought because of alleged misconduct of one of respondent's employees in connection with the jury's view of the premises and latent and undisclosed by the *voir dire*, prejudice of one of the jurors. A new trial renders unnecessary further consideration of this last point.

From the affidavits filed for and against a new trial it is apparent appellant was himself the flagrant offender and the court properly denied a new trial on this ground.

To obviate any such recurrence herein the view should be had only in the company and presence of the attorneys, judge, and bailiff in charge of the jury. Any interested parties, particularly appellant or witnesses should not be allowed in the vicinity at the time of the view, or to talk with the jury. (Sec. 7–209, I. C. A.; *State v. McClurg*, 50 Ida. 762, 793, 300 Pac. 898.)

The judgment is reversed and the cause remanded for a new trial.

Costs to appellant.

Budge, C. J., and Morgan, Holden and Ailshie, JJ., concur.