## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 35494-2008

FARR WEST INVESTMENTS,                )
                                      )       St. Anthony, September 2009
     Plaintiff-Respondent,          )       Term
                                      )
v.                                    )       2009 Opinion No. 143
                                      )
TOPAZ MARKETING L.P., and DENNIS      )       Filed: November 27, 2009
LOWER,                                )
                                      )       Stephen W. Kenyon, Clerk
     Defendants-Appellants.         )
                                      )

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, in and for Franklin County. The Hon. Don L. Harding, District Judge.

The judgment of the district court is <u>affirmed</u>.

Kenneth E. Lyon, Jr., Pocatello, for appellants.

F. Randall Kline, Pocatello, for respondent.

_____

EISMANN, Chief Justice.

This is an appeal from a judgment awarding damages for injury to real property. We affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

Farr West Investments (Farr West) and Vilarr Ransom (Ransom) filed separate lawsuits against Topaz Marketing, L.P., and Dennis Lower (collectively Lower) to recover damages for injury to real property caused when Lower constructed a road on an easement crossing Farr West's property. The facts are set forth in more detail in *Ransom v. Topaz Marketing, L.P.*, 143 Idaho 641, 152 P.3d 2 (2006), the first appeal in this case. The lawsuits were joined for trial. The lawsuit filed by Ransom was resolved through mediation, and the lawsuit filed by Farr West was tried to the district court without a jury.

The district court found that Lower had trespassed upon Farr West's property, and it awarded damages in the sum of $42,685 for the cost of repairing damage done to Farr West's property, nominal damages totaling $35,350 for a "continuing tort," and attorney fees. The court also ordered Lower to construct a fence on the boundary line between the Ransom and Farr West properties. On the first appeal, we reversed the award of nominal damages, the award of attorney fees, and the order that Lower construct the fence. We vacated the award of damages for the cost of repairing Farr West's land for two reasons: (1) "It is not clear that the court differentiated between damages attributable to the lawful creation of an easement and excessive or wrongful damage to the property" and (2) "The district court also failed to identify and distinguish between permanent and temporary damages." *Ransom*, 143 Idaho at 644, 152 P.3d at 5. We remanded the case back to the district court for further findings of fact. *Id.* at 645, 152 P.3d at 6.

On remand, Lower moved to disqualify the district judge pursuant to Rule 40(d)(1)(F) of the Idaho Rules of Civil Procedure. That Rule permits a motion for disqualification without cause "if a new trial has been ordered by the trial court or by an appellate court." Relying upon *Liebelt v. Liebelt*, 125 Idaho 302, 305, 870 P.2d 9, 12 (Ct. App. 1994), the district court denied the motion because "the case was not remanded for a new trial, merely for additional findings of fact."

Without taking any additional evidence, the district court entered a memorandum decision and judgment awarding Farr West $26,600 in damages. Lower filed a motion for reconsideration, which the district court denied. Lower then timely appealed.

## II. ISSUES ON APPEAL

1. Did the district court err in denying the motion for disqualification?
2. Did the district court err in awarding damages?
3. Is either party entitled to an award of attorney fees on appeal?

## III. ANALYSIS

### A. Did the District Court Err in Denying the Motion for Disqualification?

After this case was remanded to the district court following the first appeal, Lower filed a motion to disqualify the district judge. In his motion, Lower cited Rule 40(d)(1) of the Idaho

Rules of Civil Procedure, which permits the disqualification of a trial judge without cause. Lower's motion did not designate the subsection of the Rule upon which he was relying, but during oral argument on the motion he relied upon subsection (F). That subsection states, "After a trial has been held, if a new trial has been ordered by the trial court or by an appellate court, each party may file a motion for disqualification without cause of the presiding judge, within the time limits set forth in subparagraph (B) of this Rule." Lower argued that the district judge would have to grant a new trial in order to make the necessary factual findings on remand, and therefore subsection (F) would permit disqualification of the judge without cause. The district judge took the motion under advisement so that he could review the trial transcript to determine whether he could make the necessary factual findings without taking additional evidence. The judge ultimately decided that he could and denied the motion for disqualification.

On appeal, Lower contends that the district court erred in denying the motion for disqualification. Possibly because no new trial was held since the district court did not take any additional evidence, Lower abandons his argument made to the district court that subsection (F) applied to his motion for disqualification. Instead, Lower now argues that the district court should have granted the motion to disqualify pursuant to subsection (A) of Rule 40(d)(1). The motion would not have been timely under subsection (A).[1] Therefore, the district court did not err in denying the motion for disqualification. *Jones v. Jones*, 117 Idaho 621, 624, 790 P.2d 914, 917 (1990).

**B. Did the District Court Err in Awarding Damages?**

In *Ransom*, 143 Idaho at 644-45, 152 P.3d at 5-6 (citations omitted), we stated the measure of damages for injury to real property as follows:

---

[1] Subsection (B) of Rule 40(d)(1) specifies the time limits for filing such motion as follows:

> A motion for disqualification without cause must be filed not later than seven (7) days after service of a written notice or order setting the action for status conference, pretrial conference, trial or for hearing on the first contested motion, or not later than twenty-one (21) days after service or receipt of a complaint, summons, order or other pleading indicating or specifying who the presiding judge to the action will be, whichever occurs first; and such motion must be filed before the commencement of a status conference, a pretrial conference, a contested proceeding or trial before the judge sought to be disqualified.

Ordering a new trial restarts the time limits for filing a motion for disqualification without cause. I.R.C.P. 40(d)(1)(F).

If land is permanently injured, but not totally destroyed, the owner is entitled to the difference between the fair market value before and after the injury. However, if the land is only temporarily injured, the owner is entitled to recover the amount necessary to put the land in the condition it was immediately preceding the injury. In regard to temporary injury to property, "if the cost of restoration exceeds the value of the premises in their original condition, or in the diminution in market value, the latter are the limits of recovery."

In this case, the district court found on remand that the cost to "remedy the temporary injuries and prevent any further permanent injuries to the land" was the sum of $42,685. The court also found that the fair market value of the damaged land was $26,600. Because the cost to repair the damage exceeded the court's determination as to the land's value, the court awarded the lesser amount.

On appeal, Lower challenges the district court's determination as to the value of the real property. A trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous. *Camp v. East Fork Ditch Co., Ltd.*, 137 Idaho 850, 856, 55 P.3d 304, 310 (2002); I.R.C.P. 52(a). This Court does not substitute its view of the facts for that of the trial court, but it examines the record to see if challenged findings of fact are supported by substantial and competent evidence. *Id*.

The district court's determination as to the value of the damaged land was based upon the testimony of Farr West's managing partner. On cross-examination, he testified that for about five years Farr West had its entire property listed for sale, which included the damaged land, and that the current listing price for the entire property, "including the steep mountain, the rocky slopes, and the pristine land," was $3,800 per acre. The court determined that seven acres of Farr West's land was damaged, and it multiplied seven acres by $3,800 per acre to arrive at its damage award. The court concluded: "Despite the diminution of the land's value not being proved, the value of the land has been proved. Therefore, the Court will award that value in the amount of $26,600.00." Lower argues on appeal, "Certainly asking price has nothing to do with fair market value of land." We agree that the current listing price of the real property is not substantial and competent evidence of its fair market value. The current listing price could be more or less than the land's fair market value. Likewise, the relevant diminution in value is not necessarily limited to the portion of the land that was damaged. Depending upon the circumstances, damage to a portion of the land could diminish the fair market value of the

4

remainder of Farr West's property. 22 Am. Jur. 2d *Damages* § 267 (2003); *see Nampa & Meridian Irr. Dist. v. Mussell*, 139 Idaho 28, 34, 72 P.3d 868, 874 (2003).

Farr West's managing partner testified that the land was worth $10,000 to $50,000 per acre. He also testified that Lower had offered $650 per acre for ten acres of Farr West's property, which offer Farr West did not accept. Lower called an expert witness who testified that the land was worth $600 per acre. The district court was not persuaded by any of this testimony. "It is the province of the trial court to weigh conflicting evidence and to judge the credibility of witnesses." *Camp v. East Fork Ditch Co., Ltd.*, 137 Idaho 850, 856, 55 P.3d 304, 310 (2002). "The opinion of an expert is not binding on the trial court, and, as long as it does not act arbitrarily, the trial court may reject expert testimony even when it is uncontradicted." *Miller v. Callear*, 140 Idaho 213, 218, 91 P.3d 1117, 1122 (2004).

In *Young v. Extension Ditch Co.*, 13 Idaho 174, 182, 89 P. 296, 298 (1907) (citation omitted), we set forth the general rule for the measure of damages for injury to real property as follows:

> If the land is permanently injured but not totally destroyed, the owner will be entitled to recover the difference between the actual cash value at a time immediately preceding the injury and the actual cash value of the land in the condition it was immediately after the injury, with legal interest thereon to the time of the trial.
> If the land is temporarily but not permanently injured, the owner is entitled to recover the amount necessary to repair the injury and put the land in the condition it was at the time immediately preceding the injury, with legal interest thereon to the time of the trial.

In *Alesko v. Union Pacific Railroad Co.*, 62 Idaho 235, 241, 109 P.2d 874, 877 (1941), we adopted the additional limitation, "Even though the injury be only temporary if the cost of restoration exceeds the value of the premises in their original condition, or the diminution in market value the latter are the limits of recovery." However, in *Alesko* we did not state which party has the burden of proving this limitation.

Under the rule announced in *Alesko*, the diminution in value places a cap on the amount of damages that the landowner is entitled to recover. In some cases, the cost of restoring the property and the diminution in its fair market value will be essentially the same. If so, there is no need to prove diminution in value. In other cases, the restoration cost will exceed the diminution in value. If it does, then the damages recoverable would be limited to the amount by which the

5

property's fair market value was reduced. In such cases, it is the party who injured the real property who will benefit by establishing the reduction in the property's value. It should therefore be that party who bears the burden of proving the diminution in value. *Cf. W.L. Scott, Inc. v. Madras Aerotech, Inc.*, 103 Idaho 736, 742, 653 P.2d 791, 797 (1982) (where lessor of personal property had sold the property after breach by lessee and where to calculate lessor's damages it was necessary to determine the discounted value of future rents under the lease and any reasonably anticipated salvage value of the property at the end of the lease term, lessor had the burden of proving the salvage value (which would increase lessor's damages) and lessee had the burden of proving the appropriate discounting factor (which would decrease lessor's damages)).

In this case, Lower had the burden of proving either the fair market value of the property[2] or the reduction in its fair market value as a limitation on restoration damages recoverable by Farr West. Because the district court did not find that the evidence regarding the property's fair market value was persuasive, Farr West was entitled to recover the total cost of restoring its land. The district court found that such cost was $42,685. However, it entered judgment for only $26,600. Lower cannot complain, because such amount is less than Farr West's restoration damages. Farr West has not cross-appealed contending that the amount awarded was too low. Therefore, we affirm the judgment of the district court.

## C. Is Either Party Entitled to an Award of Attorney Fees on Appeal?

Both parties request an award of attorney fees pursuant to Idaho Code § 12-121. Attorney fees can be awarded under that statute only if the appeal was brought or defended frivolously, unreasonably, or without foundation. *Cole v. Esquibel*, 145 Idaho 652, 656, 182 P.3d 709, 713 (2008). Because we had not previously stated which party bears the burden of proving the diminution in value of damaged real property as a limitation on the landowner's right to recover restoration damages, this appeal was neither brought nor defended frivolously,

---

[2] The reduction in value cannot exceed the property's fair market value immediately prior to the injury unless, as a result of the injury, the landowner is legally obligated to incur costs that exceed that value (e.g., the injury consisted of dumping toxic substances on the property that the landowner was legally obligated to clean up, and the clean-up cost exceeded the property's fair market value prior to the injury).

unreasonably, or without foundation. We therefore do not award either party attorney fees on appeal.

## IV. CONCLUSION

We affirm the judgment of the district court. We award costs on appeal to respondent.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.