# Lexington & Eastern Railway Company, et al. v. Crain.

(Decided January 14, 1919.)

## Appeal from Breathitt Circuit Court.

Waters and Water Courses—Injuries From Flowage—Cause of Action—Accrual.—If the very presence of a permanent structure diminishes the market value of the adjoining land, or the placing of an obstruction in a stream causes immediate injury, the cause of action then accrues and is in the then owner of the land. If, however, no immediate injury results from the erection of the permanent structure or the placing of the obstruction, no cause of action arises until it is apparent to a person of ordinary prudence that some injury has resulted. In other words, the cause of action is always in the person who owns the land when the injury actually occurs.

O. H. POLLARD, SAMUEL M. WILSON and BENJAMIN D. WARFIELD for appellants.

G. W. FLEENOR for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Charging that the defendants, Lexington & Eastern Railway Co., and the Louisville & Nashville Railroad Co., diverted the natural flow of the north fork of the Kentucky River and caused the water of that stream to flow against and injure his land, plaintiff, J. P. Crain, brought this suit to recover damages. From a verdict and judgment in his favor for $500, the defendants appeal.

Plaintiff's farm, containing about twelve acres, is located between the towns of Jackson and Quicksand in Breathitt county, and lies on the north side of the north fork of the Kentucky River. He acquired title to the property on July 12, 1913. In the year 1910, the Lexington & Eastern Railway Company began the extension of its line from Jackson to McRoberts. The work was not completed until the latter part of the year 1910, or the early part of the year 1911. The extension was built on the south side of the river and opposite plaintiff's farm. While engaged in this work, the Lexington & Eastern Railway Company blasted large quantities of rock, which fell into the river. The rocks so obstructed the natural channel of the river, which then flowed to the south, that the river was subsequently caused to flow to the north and against and over plaintiff's land. Plaintiff's witnesses say, and this is not denied, that no dam-

age was done to plaintiff's land prior to his purchase, but that soon after his purchase the water began to wash away and otherwise injure his land.

The chief ground urged for reversal is that the obstruction was permanent, that the injury was caused prior to plaintiff's purchase and that the cause of action, if any, was in the person who owned the land when the obstruction was put in the stream. The rule in force in this state may be stated as follows: If the very presence of a permanent structure diminishes the market value of the adjoining land, or the placing of an obstruction in a stream causes immediate injury, the cause of action then accrues and is in the then owner of the land. If, however, no immediate injury results from the erection of the permanent structure or the placing of the obstruction, no cause of action arises until it is apparent to a person of ordinary prudence that some injury has resulted. In other words, the cause of action is always in the person who owns the land when the injury actually occurs. Illinois Central Ry. Co. v. Haynes, 122 S. W. 210; Shrout v. C. & O. Ry. Co., 157 Ky. 1, 162 S. W. 97; C. & O. Ry. Co. v. Robbins, 154 Ky. 387, 157 S. W. 903. Since the evidence is uncontradicted, that no damage occurred to the land prior to its purchase by plaintiff, there is no basis for the contention that the cause of action was in his vendors merely because the obstruction was placed in the stream while they owned the property.

Other errors are relied on, but we do not deem them of sufficient importance to merit discussion or authorize a reversal of the judgment.

Judgment affirmed.