## Honaker v. Chesapeake & Ohio Railway Company, et al.

(Decided June 12, 1925.)

### Appeal from Pike Circuit Court.

1. Waters and Water Courses—Rule of Damages for Flooding of Land Caused by Railroad Stated.—Damages for obstructions by railroad, causing flooding of land, may be recovered as follows:

A single recovery where structure is permanent and properly built; recurring recoveries where structure is permanent and negligently built, except where cost of alteration to avoid recurring injury would be so unreasonable that it could not be required; recurring recoveries for temporary structure as injuries occur.

2. Waters and Water Courses—Purchaser of Land, with Knowledge of Condition of Railroad Fill, Held Not Precluded from Recovering for Recurring Injuries from Flood.—Purchaser of land, suing railroad for damages from flooding due to negligent construction of fill 12 years previously, held not precluded from recovery on ground that, having purchased with knowledge of condition, he was estopped, or on ground that structure, being permanent, no recovery could be had for recurring injuries; there being no evidence as to cost of correcting defect.

ROSCOE VANOVER and O. A. STUMP for appellant.

KIRK, KIRK & WELLS and BROWNING & REED for Chesapeake & Ohio Railway Company.

STRATTON & STEPHENSON and A. L. RATLIFF for appellee City of Pikeville.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming as to city of Pikeville and reversing as to C. & O. Ry. Co.

At the close of the appellant's case in the court below, the court peremptorily instructed the jury to find for the appellees who were the defendants there, and the appellant appeals.

The petition is very inartfully drawn, but in substance it avers that the appellee, Chesapeake & Ohio Railway Company, had constructed a railroad fill across the mouth of a hollow known as France's Hollow in the city of Pikeville, up which hollow a street runs known as Kentucky avenue; that it and its co-defendant, the city of Pikeville, negligently constructed drain pipes under this railroad fill, and that by reason of such negligent construction the drain pipes were wholly insufficient to carry off the natural drainage of France's Hollow, thereby causing water to back up on appellant's lot which greatly depreciated the value of the use of said lot. Appellees traversed this petition and pleaded certain affirmative defenses, but as their side of the case was never reached it is not material to notice these affirmative defenses at this time.

The evidence with all the inferences which must be accorded it on a motion for a peremptory shows, fairly satisfactorily, that during ordinary hard rains on account of the small size of the drain pipes under the fill in question and on account of the insufficient grating over these drain pipes, water which drains down France's Hollow to this fill backs up over appellant's lot greatly depreciating the value of its use. The evidence further discloses that this fill has been located at this point for a great number of years—for at least more than twelve. It also satisfactorily appears that appellant at the time he bought his lot in France's Hollow knew of the conditions of which he now complains. For this last reason, the court thought appellant was estopped to prosecute this action and on this theory it peremptorily instructed the jury as stated. In so doing, the court erred.

In the case of L. & N. v. Bennett, 196 Ky. 679, 246 S. W. 121, this court restated the rules applicable to recovery sought for land flooded by obstructions created by railroads on the right of way, thus:

"1. A single recovery must be had for all damages resulting from a permanent structure properly built.

"2. For a structure unlawfully or negligently built, though intended to be permanent, recurring recoveries for such improper or negligent construction may be had as the injuries occur.

"3. For a temporary structure recurring recoveries may be had as the injuries occur.

"4. Whether the construction was negligent is a question for the jury under the evidence, if the same be conflicting."

In this same case this court added to the foregoing rules still another which in substance is this: That although the structure be unlawfully or negligently built, yet if it is intended to be permanent and it cannot be repaired or remedied so as to avoid recurring injuries at a reasonable expense or at an expense commensurate with the damages done by reason of its existence, then there must be a recovery once for all. It was on this last rule, that this court rested the case of Payne, Agent v. Smith, 198 Ky. 564, 249 S. W. 995, relied on by appellee, the Chesapeake & Ohio Railway Company.

In the case before us, however, the evidence shows that the water could not get out under the fill of the rail-

way company on account of the inadequacy of the culvert or drain pipe and on account of the clogging up of the grate bars over the drain pipe, and that this condition had existed for a long time and at every hard rain. A fair inference from this testimony is that these culverts were not constructed of an adequate size to carry off the natural drainage of this hollow, and if this be true it was undoubtedly a negligent construction. Hence under rule two of the Bennett case, *supra,* there can be recurring recoveries for recurring injuries done and if there can be recurring recoveries it must follow that the recovery is in the person who owns the land at the time the injury is done for which there may be a recovery. Cf. Lexington & E. Ry. Co. v. Crain, 182 Ky. 695, 207 S. W. 447. It does not matter, then, whether or not such owner knew of the conditions at the time he purchased his ground. The reason for the rule denying recovery to a person who has purchased land knowing of the liability of overflow where the obstruction is permanent, and there must be one recovery for all, is that such purchaser knowing conditions and knowing that no repair work can be required of the railroad is presumed to take these facts into consideration in making his purchase, and to fix the purchase price accordingly. City of Richmond v. Gentry, 136 Ky. 319, 124 S. W. 337. But where the purchaser has a right to expect that the railroad will rectify conditions or if it fails to do so it can be held in damages from time to time for such failure, there is no presumption that these matters are taken into consideration in fixing the purchase price, and if there can be recurring recoveries, the person owning the land at the time of the injury must necessarily be the one who has the right to such recovery as he is the person injured.

There is no evidence in this case to take it out of rule two of the Bennett case *supra.* It may be that the expense of correcting the situation here will be too great or out of proportion to the damage done appellant's lot, in which state of case the rule in Payne v. Smith, *supra,* will apply. But the burden of showing this is on the railroad and since it offered no proof on the trial, we are left without a scintilla of evidence on this point. All we have is a case of negligent construction for which we have held there may be recurring recoveries.

It is, therefore, apparent that the trial court erred in sustaining the motion for the peremptory instruction so far as the railroad is concerned. However, so far as

the city of Pikeville is concerned, there is no proof of any negligent act on its part that caused any damage here and hence the lower court correctly instructed the jury to find for it.

So far as the city of Pikeville is concerned, the judgment is affirmed. So far as the railroad company is concerned it is reversed.