## Parsley et al. v. Madison.

May 31, 1946.

468

Rodes K. Myers and Pleas Sanders for appellants.

T. H. Demumbrun for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is a proceeding under section 381.580, KRS, section 3779a-1, KS, by appellee against appellants in the Edmonson county court by which the former sought the establishment of a passway 20 feet wide from his premises, across the land of appellants for the purpose of furnishing him a practical means of reaching the places enumerated in the statute for the purposes therein stated. The following section, 381.630, KRS, and section 3779a-6, KS, gives the right to any other persons, firms or corporations to use the passway, and if denied by the acquirer they may proceed to establish such right in the same manner provided in the first statute above.

It was held by us in the case of Chesapeake Stone Co. v. Moreland, 126 Ky. 656, 104 S. W. 762, 763, 31 Ky. Law Rep. 1075, 16 L. R. A., N. S., 479, that the prescribed procedure was not violative of section 242 of our Constitution limiting the right of taking private property without just compensation to the owner, and then

only for public use. The reasoning of the court in arriving at that conclusion was and is, that the private individual seeking such relief, for the purposes enumerated in the statute—coupled with the right of other members of the public to use the passway after it shall have been established—was a public use within the contemplation of the constitutional provision. Other cases have continuously followed the Moreland case, and the interpretation therein made has been followed without dissent since then.

The county court in which this proceeding was commenced, as required by the statute, appointed commissioners who viewed the premises and reported the requisite necessity for the establishment of the passway across the land of appellants, and assessed the damages at $125 for the 3/5 acre taken, plus the same amount as damages to appellants by reason of the taking over and above the value of the land actually taken, making a total of $250. Appellants filed exceptions to the report in the county court, consisting mainly in immaterial objections to the procedure and practice pursued up to the time of filing the commissioners' report. But there were no exceptions to the amount of damages for the taking assessed in favor of appellants. On the trial of the exceptions the court overruled them and rendered judgment ordering the opening of the passway, and judgment for $250 against applicant in favor of the servient estate holders.

They then prosecuted an appeal to the Edmonson circuit court where a trial was had on the exceptions filed in the county court. At that trial many witnesses, as shown by the record, testified for each litigant. By order of appellants it was taken by the court stenographer and later transcribed, as also appears from the record; but it has not been brought to this court, and we are without any information whatever as to the proof in the case.

At the trial in the circuit court the jury returned the same verdict as rendered in the county court, and which was on Thursday, November 16, 1944. Judgment in accordance therewith was pronounced on the same day. The motion for a new trial was not made until Monday, November 20, of the same year, which was clearly beyond the time within which such motions are

required by section 342 of our Civil Code of Practice to be made, which is that it "must be made at the term in which the verdict or decision is rendered; and, except for the cause mentioned in section 340, subsection 7, shall be within three days after the verdict or decision is rendered, unless unavoidably prevented." There was no unavoidable or other prevention whereby appellants could be excused from filing their motion within the prescribed three days from the return of the verdict, or the decision of the court if the case was tried by the court without a jury.

In note (1) to the section of the Code referred to there is a list of domestic cases defining and prescribing what days are included in the three-day requirement, and in which we held that the day *on which* the verdict was rendered, and also the day *on which* the motion was filed should each be included, unless there was an intervening holiday, in which case the intervening holiday should be excluded. Like cases are also listed in note (9) to the same section of the Code, one of which is Sovereign Camp, W. O. W., v. Hornung, 190 Ky. 381, 227 S. W. 465. Two of the more recent cases approving and applying the same interpretation are: Wilson v. Louisville & N. R. Co., 257 Ky. 144, 77 S. W. 2d 416, and Bingham v. Mills, 275 Ky. 552, 122 S. W. 2d 133.

Some, if not all, of the cases likewise hold, following the universally applied rule, that in the absence of a motion for a new trial (which is true here, since the motion was not filed within the prescribed time), that the only question presented to this court on appeal is, whether or not the pleadings sustain the judgment, which is a rule so thoroughly established and followed in this and other jurisdictions as to require no citation of either cases or texts in its support. The same rule of appellate practice prevails when the evidence heard at the trial court is not made a part of the record on appeal. The pleadings in this case sustain the judgment rendered by the Edmonson circuit court, and the interpretations made in the cases supra, would seem to leave no alternative course for this court, except to affirm the judgment.

But appellants' counsel argue that the verdict of the jury (it containing 12 members) was made by only nine members, and for which reason it is insisted that the language of section 242 of the Constitution, saying:

"The amount of such damages shall, in all cases, be determined by a jury, according to the course of common law," requires the jury to be composed of twelve members and a unanimous verdict, which is true as to the amount of damages assessed. But such requirement may be waived by either litigant, and which is done when the matter complained of is not presented to the trial court, nor insisted upon therein. No objection was made in this case to the majority verdict returned by the jury at the time it was returned in the circuit court, and the first complaint made by appellants thereto was in the belated motion for a new trial, which the court in rendering the appealed from judgment employed this language:

"There not having been any exceptions as to the valuation of the commissioners' award, which was $125.00 for damage resulting to the adjacent lands of the owners, the plaintiff will now pay the Clerk of the Edmonson Circuit Court, for the defendants the sum of $250.00 and the costs of this action in the Edmonson County Court and upon the payment of same, plaintiff shall remove such obstruction as is now across the above described strip of land and use the same as a passway. * * *,"

There being no motion for a new trial which may be considered by this court, it follows that at no stage of the proceedings was there any objection to the verdict of the jury as to the assessment of damages to appellants as a result of taking the land necessary for the passway. Under the conditions, thus appearing, we are without authority to disturb the judgment, and it is accordingly affirmed.