**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Ralph Boots RATLIFF et al., Appellees.**

Court of Appeals of Kentucky.

June 18, 1965.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Edmond H. Tackett, Pikeville, for appellant.

J. Ervin Sanders, Pikeville, for appellees.

PALMORE, Judge.

On February 25, 1958, a truck owned by appellee Ratliff and being driven by his employe, appellee Coleman, struck and damaged a highway bridge. Five years and one day later the state highway department filed this suit against them to recover the cost of repairs occasioned by the accident. It appeals from a judgment of dismissal entered pursuant to a plea of the 5-year statute of limitation, KRS 413.120 (4), which reads as follows:

> "The following actions shall be commenced within five years after the cause of action accrued: * * * (4) An action for trespass on real or personal property."

The theory on which the state bases this appeal is that subsection (4) of the statute applies only to a technical trespass and not to a negligent wrong. Otherwise, it says, there would be no legislative purpose in subsection (6) of KRS 413.120, which applies the same limitation to an action for "taking, detaining or injuring personal property, including an action for specific recovery." If this position is correct, the period of limitation on an action for negligent damage to real estate would be ten years, under KRS 413.160, the catch-all statute.

To make a long story short, we do not agree. We are not disposed to haggle over whether one who in using a public highway carelessly but unintentionally drives a vehicle onto a bridge railing commits a common law trespass against the

state.[1] Perhaps the reason for KRS 413.-120(6) is that there is a greater variety in species of personal property, and of ways in which one's rights can be violated, than is the case with respect to real property. In any event, it is unlikely that there ever was a legislative intent to omit from the statute suits for damages to real estate not sounding strictly in "trespass." So it is, for example, that the statute has been applied to actions for waste committed by a life tenant, Fisher's Ex'r v. Haney, 180 Ky. 257, 202 S.W. 495 (1918), and suits for damages resulting from permanent nuisance, Kentucky West Virginia Gas Company v. Matny, Ky., 279 S.W.2d 805 (1955). We now hold categorically that it applies to actions for damages to real property resulting from negligence.

The judgment is affirmed.

---

1. It is interesting to note, however, that from time immemorial KRS 454.040, which provides that in "actions of trespass the jury may assess joint or several damages against the defendants," has been held applicable to personal injury actions based on negligence. See Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165 (1949).