Andrew L. MALONE, Plaintiff-Appellee,

v.

Charles E. WRIGHT, Defendant-Appellant.

No. 16581.

United States Court of Appeals
Sixth Circuit.

Aug. 18, 1966.

Edwin D. Rice, Ashland, Ky., P. H. Vincent, Ashland, Ky., on brief, Vincent & Rice, Ashland, Ky., of counsel, for appellant.

Duncan W. Daugherty, Huntington, W. Va., Joseph D. Bulman, Maurice R. Dunie, Washington, D. C., on brief, for appellee.

Before O'SULLIVAN, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Defendant-appellant, Charles E. Wright, appeals from a judgment rendered against him and another by a District Judge of the Eastern District of Kentucky, sitting without a jury. This was an automobile collision case and the District Judge found that appellant, concurrently with a codefendant, Liquid Transporters, Inc.,[1] had negligently injured plaintiff-appellee, Andrew L. Malone.

On July 2, 1961, plaintiff Malone was riding along a two-lane asphalt highway in Kentucky as a passenger in a station wagon driven by one Black. This vehicle was following a Pontiac automobile being driven, as found by the District Judge, by defendant Wright. Following both of the aforesaid vehicles was a trailer truck of Liquid Transporters, Inc. The defendant's Pontiac led the procession, the station wagon, in which plaintiff was riding, was second and the truck was third. The station wagon and the truck were going faster than the Pontiac and both pulled to the left side of the road to pass it. As they did so, the Pontiac suddenly started to swing into the left lane, forcing the driver of the station wagon to put on his brakes and pull onto the shoulder of the road. The truck then also swung to the left and struck the station wagon, causing injury to plaintiff Malone. The Pontiac, which had swung back to its own side of the road, reversed its direction by turning into a driveway and left the scene of the accident.

Appellant challenges the judgment on three grounds. First, that the District Judge's finding that he was the driver of the involved Pontiac was erroneous; second, that the veering of the Pontiac was not a proximate cause of the truck striking the station wagon; and, third, that the District Judge should have apportioned and separately assessed the damages against the defendants.

1) Identity of driver of Pontiac.

Five witnesses, four of whom had known him over many years, specifically identified appellant Wright as the driver of the Pontiac. The only contrary evidence was Wright's own exculpatory story, which the court found "not convincing." The court's finding was supported by sufficient evidence, and was not clearly erroneous. 52(a) F.R.Civ.P.

2) Proximate cause.

The issue of proximate cause is normally one for the jury. McCoy v. Carter, 323 S.W.2d 210, 215 (Ky.1959). There was ample evidence from which the District Judge sitting as a factfinder could conclude that the negligent action of Wright, forcing the station wagon to brake and pull over, was a proximate cause of its being struck by the closely-following truck.

3) Apportionment of damages.

Having found that the accident was caused by the "joint and concurrent negligence of Charles E. Wright and Liquid Transporters, Inc., * * *," the District Judge assessed a sum in gross to be recovered from the codefendants

1. Liquid Transporters, Inc., did not appeal.

jointly. It is the rule in Kentucky that under K.R.S. § 454.040, separate damages may be assessed against each negligent tortfeasor, according to the degree of fault. See footnote 1 to Commonwealth, Dept of Highways v. Ratliff, 392 S.W.2d 913, 914 (Ky.1965). It is also Kentucky's rule that whether the damages shall be in gross or separate is left to the jury. Elpers v. Kimbel, 366 S.W. 2d 157, 161 (Ky.1963); Murphy v. Taxicabs of Louisville, Inc., 330 S.W.2d 395, 398 (Ky.1959). In this case, the District Judge sitting without a jury committed no error in assessing the damages against the defendants jointly.

Judgment affirmed.