**V. V. COOKE CHEVROLET, INC.,**
Appellant,

v.

**METROPOLITAN TRUST COMPANY, Vin-**
yard V. Cooke, Jr., Marine Sales and
Service, Inc., Appellees.

Court of Appeals of Kentucky.

March 6, 1970.

Charles E. Duncan, Louisville, for appellant.

Jack L. Richardson, Louisville, for appellee Metropolitan Trust Co.

Joseph E. Stopher, Louisville, for appellee Vinyard V. Cooke, Jr.

S. Lloyd Cardwell, Louisville, for appellee Marine Sales and Service, Inc.

REED, Judge.

This is a multi-party action arising out of an accident in which a boat became dislodged from a truck and trailer and struck a motorist who was alighting from his car. The motorist was seriously injured. He recovered a judgment for almost $73,000 which has been satisfied. This appeal undertakes to question a judgment entered in the case only to the extent that this judgment might affect the rights and responsibilities of various defendants between themselves resulting from the plaintiff's recovery of damages. The record establishes that this case was a procedural nightmare in the trial court and that this attempted appeal was conceived in confusion and can achieve nothing of substance. We, therefore, dismiss the appeal for the reason later discussed.

The plaintiff, John Metten, who is not a party to this appeal, was injured when a boat which was being transported along a public street and the trailer on which it was situated became dislodged from the truck towing it. V. V. Cooke, Jr., (Cooke) was operating the towing truck on the occasion of the accident. The truck belonged to V. V. Cooke Chevrolet, Inc., (Chevrolet). The trailer belonged to Metropolitan Trust Company (Metropolitan). Cooke was an officer and director of Metropolitan and also of Chevrolet. Cooke had purchased the boat from Marine Sales and Service, Inc., (Marine) for the account of Metropolitan. Marine, prior to the accident, notified Cooke that the boat was ready for delivery by the manufacturer in Maryland but certain services had to first be performed on the boat by Marine before it could be used. Marine told Cooke that it was not ready to perform the necessary services. It advised, however, that if Cooke desired it would authorize delivery of the boat to him in Maryland where he could accept delivery and then store the boat in Louisville until Marine was ready to service it. Cooke accepted delivery of the boat and stored it at Chevrolet.

On the morning of the accident, Marine notified Cooke that it was ready to service the boat if he would bring it in. Cooke instructed an employee of Chevrolet to hitch Metropolitan's trailer with the boat on it to a Chevrolet truck so that he could drive the boat to Marine. The hitching-up operation was performed by Elzy, a regular garage employee of Chevrolet. Cooke failed to inspect the manner in which the hook-up was made. When the boat and trailer became dislodged from the truck Cooke was driving, the plaintiff was struck and sustained his injury.

The plaintiff filed suit and first named Cooke as the sole defendant; he later amended and named Marine as an additional defendant. Cooke filed a crossclaim against Marine asserting that he was acting on its behalf in transporting the boat and thus was its agent and acting within the scope of his agency and sought either contribution or indemnity against his own alleged principal, Marine. Cooke also filed a third-party complaint against Metropolitan alleging that the boat was fastened to the truck by an employee of Metropolitan, and if there was negligence in the manner in which the connection was performed, it was the negligence of the agent of Metropolitan. Metropolitan then counterclaimed against Cooke for indemni-

ty and filed a third-party complaint in which it alleged liability on the part of Chevrolet in that the trailer carrying the boat had been connected to the truck in a negligent manner by an agent of Chevrolet alone. Metropolitan also demanded indemnity from Cooke and Chevrolet.

At the trial, the trial judge found that Cooke was negligent as a matter of law and directed a verdict for the plaintiff on the issue of liability against Cooke. Interrogatories were submitted to the jury directing inquiry concerning whether Elzy was negligent and, if so, the identity of his principal or principals—that is, whether Elzy was the agent of Cooke or Chevrolet, or both. The jury was also requested to determine whether Cooke was the agent of Metropolitan or Chevrolet, or both, on the occasion in question.

The trial judge directed a verdict in favor of Marine. Cooke was found by the jury to be the agent of Metropolitan and Chevrolet. The jury also found that Elzy was negligent; that his "negligence concurred with the negligence of Cooke" and that he was the agent of Cooke and Chevrolet when he performed the hook-up operation. The jury returned a verdict as instructed solely against Cooke. They determined the amount of damages to be nearly $73,000.

On June 13, 1967, the trial court entered a judgment dismissing all claims against Marine. This judgment recited that it was final and appealable under the provisions of CR 54. On June 16, 1967, the trial court entered a judgment which dismissed the third-party complaint against Metropolitan and awarded Metropolitan a judgment against Cooke for "indemnity." On June 21, 1967, Metropolitan moved to enter a supplemental judgment seeking an award of attorneys' fees against Cooke or Chevrolet, supposedly by way of indemnity; on September 8, 1967, the trial court overruled this motion on the ground that this request for an award of attorneys' fees was premature and no judgment on this question has yet been entered. On Sep-

tember 27, 1967, Cooke satisfied the plaintiff's judgment against him and an order of satisfaction was entered.

Chevrolet then undertook to appeal from the judgment of June 16 because of a recitation therein that Metropolitan had the right of indemnity against Chevrolet; also Chevrolet asserts that it should have been dismissed from the action because Elzy was a loaned servant and Marine was really responsible for all the trouble. In this attempted appeal, Chevrolet named as appellees Metropolitan, Cooke and Marine. Each of the named appellees have moved that the appeal be dismissed.

■■■ Although appellees point out several instances of noncompliance with our procedural rules for perfecting appeals, we have determined to go to the heart of the matter because the record demonstrates that appellant and Metropolitan are confused concerning the true nature of indemnity and contribution. Indemnity, in essence, is shifting the entire loss from one tort feasor who has been compelled to pay it to the shoulders of another who should bear it instead. Contribution, on the other hand, distributes the loss among the tort feasors by requiring each to pay a share of the injured party's loss. In Parker v. Redden, Ky., 421 S.W.2d 586, we approved making a declaration concerning one tort feasor's right to contribution from another tort feasor prior to the payment of the common liability where the plaintiff sought recovery from only one defendant but he had brought in another party and they had asserted cross-claims for damages against each other.

■■■ A close examination of the pleadings and the judgment in this case demonstrates that the parties attempted to litigate the questions of indemnity and contribution. The judgment for damages was rendered only against Cooke. He made no claim for contribution or indemnity against Chevrolet. Therefore, the judgment between Cooke and Chevrolet could not subject Chevrolet to any liability. As between

Chevrolet and Marine, the judgment exonerates Marine from liability. Therefore, Chevrolet had no exposure for contribution or indemnity so far as Marine was concerned. As between Chevrolet and Metropolitan, no judgment was entered against Metropolitan and the only party against whom judgment was rendered and who satisfied the judgment is precluded from seeking indemnity from Metropolitan. The judgment from which Cooke does not appeal directs Cooke to indemnify Metropolitan. Since Cooke has paid the judgment, Metropolitan has no exposure against which to assert any indemnity. So far as Metropolitan and Chevrolet are concerned, although Metropolitan by recitation is declared to be entitled to indemnity against Chevrolet, the declaratory recitation, whether erroneous or not, cannot prejudice Chevrolet because Cooke has paid the judgment and has not sought to enforce indemnity or contribution. The matter of Metropolitan's recovery of attorneys' fees is not before us, but it is clear that such recovery could not be determined on the basis of contribution or indemnity. Therefore, Chevrolet has not been adjudged liable to anyone and is not exposed to recovery against it by means of indemnity or contribution.

It is our conclusion that the appeal presents only a moot question and whether the declaratory recitations are erroneous or not is merely academic. See Civil Service Commission v. Tankersley, Ky., 330 S.W.2d 392.

The appeal is dismissed.

All concur.