OHIO RIVER PIPELINE CORPORA-
TION, Appellant,

v.

C. Donald LANDRUM, Jean Schottenstein, Saul Schottenstein, Jerome Schottenstein, Alvin Schottenstein, Miller, Wihry & Lee, Inc., Skilton Construction Company, Appellees.

SKILTON CONSTRUCTION COMPANY,
Cross-Appellant,

v.

OHIO RIVER PIPELINE CORPORA-
TION, Miller, Wihry & Lee, Inc., C. Donald Landrum, Jean Schottenstein, Saul Schottenstein, Jerome Schottenstein, Alvin Schottenstein, and Berlan Construction Company, Cross-Appellees.

MILLER, WIHRY & LEE, INC.,
Cross-Appellant,

v.

C. Donald LANDRUM, Jean Schottenstein, Saul Schottenstein, Jerome Schottenstein, Alvin Schottenstein, and Berlan Construction Company Cross-Appellees.

C. Donald LANDRUM, Jean Schottenstein, Saul Schottenstein, Jerome Schottenstein, Alvin Schottenstein, and Berlan Construction Company No. 2, Inc., Cross-Appellants,

v.

OHIO RIVER PIPELINE CORPORA-
TION, Miller, Wihry & Lee, Inc., Skilton Construction Company, Cross-Appellees.

Court of Appeals of Kentucky.

Jan. 19, 1979.*

Rehearing Denied March 23, 1979.

---

* The decision of the panel was made prior to January 1, 1979, but the opinion was not rendered until this date.

Thomas W. Speckman and Wilton R. Long, Jr., Speckman & Long, Louisville, for Ohio River Pipeline Corp.

John A. McCrea, McCrea & Schottenstein, Louisville, for C. Donald Landrum, Berlan Construction, et al.

Ben T. Cooper, Cooper, Kiel & Beale, Louisville, for Miller, Wihry & Lee, Inc.

Harry K. Herren, Jr., David C. Browder, Woodward, Hobson & Fulton, Louisville, for Skilton Const. Co.

Before COOPER, HAYES and PARK, JJ.

PARK, Judge.

These consolidated appeals arise out of an action for wrongful interference with a 50 foot gas pipeline easement owned by the plaintiff-appellant, Ohio River Pipeline Corporation. The easement crossed a ten acre tract in the Hunting Creek Subdivision of eastern Jefferson County which was being developed for apartment dwellings. Ohio River Pipeline was required to expend approximately $25,000 to remove 18 feet of fill placed over its pipeline during the course of development. The defendants (appellees and cross-appellants) were the owners and developers of the tract (Landrum and Associates), the architects for the development (Miller, Wihry & Lee, Inc.), and the contractor for the development (Skilton Construction Company). The Jefferson circuit court entered judgment for Ohio River Pipeline for $25,246.15 which was apportioned among the defendants according to the following percentages: Landrum and Associates, 45%; Miller, Wihry & Lee, 40%; and Skilton Construction, 15%.

On appeal, Ohio River Pipeline asserts that the trial court erred in holding the defendants liable only for "several damages" under KRS 454.040 rather than jointly liable for the entire amount of the judgment. In its cross-appeal, Skilton Construction claims that it has no liability or, in the alternative, that it should be entitled to indemnity from the owners and architect. In their cross-appeals, Miller, Wihry & Lee and Landrum and Associates each seeks indemnity from the other.

I

The decision of the trial court to enter judgment severally rather than jointly against the defendants was based solely upon the authority of KRS 454.040 which provides:

In actions of *trespass* the *jury* may assess joint or several damages against the defendants. When the *jury* finds several damages, the judgment shall be in favor of the plaintiff against each defendant for the several damages, without regard

717

to the amount of damages claimed in the petition, and shall include a joint judgment for the cost. (emphasis added). Ohio River Pipeline contends that the statute can have no application to this case because the case was tried by the court rather than a jury and because it did not involve an action for trespass.

Ohio River Pipeline asserts that "several damages" may be assessed under KRS 454.-040 only by a jury. Because the statute mentions the "jury" but makes no reference to a trial without a jury, Ohio River Pipeline claims that the trial court was without authority to award separate damages. No authority is cited for the proposition other than the language of the statute itself. Such a limited construction of the statute was suggested but not approved by Professor Germain in a recent article. K. Germain, *Remedies: Contribution and Apportionment Among "Joint Tortfeasors,"* 65 *Ky.L.J.* 285, 291–92 (1977). In support of this construction of the statute, Professor Germain refers only to the decision in *Malone v. Wright,* 364 F.2d 818, 820 (6th Cir. 1966), in which the court stated:

> It is the rule in Kentucky that under K.R.S. § 454.040, separate damages may be assessed against each negligent tortfeasor, according to the degree of fault. See footnote 1 to *Commonwealth, Dept. of Highways v. Ratliff,* 392 S.W.2d 913, 914 (Ky.1965). It is also Kentucky's rule that whether the damages shall be in gross or separate is left to the jury. *Elpers v. Kimbel,* 366 S.W.2d 157, 161 (1963); *Murphy v. Taxicabs of Louisville, Inc.,* 330 S.W.2d 395, 398 (Ky.1959). In this case, the District Judge sitting without a jury committed no error in assessing the damages against the defendants jointly.

The court did not hold that the trial court sitting without a jury had no power to award separate damages. The court held only that the trial judge, as the trier of the facts, did not abuse his discretion under KRS 454.040 by awarding damages against the defendants jointly rather than severally.

We find no reason to construe KRS 454.040 to be limited to cases tried before a jury. As a general rule, a judge has the same leeway as a jury in a trial by the court without a jury. *Rives v. Pettit,* Ky., 513 S.W.2d 475, 486 (1974). Any of the parties had a right to demand that a jury, rather than the trial judge, determine whether damages should be awarded jointly or severally. However, there is no reason why that right could not be waived by all of the parties in favor of a court trial without a jury. *Cf. Short v. Commonwealth,* Ky., 519 S.W.2d 828 (1975); *Parsley v. Madison,* 302 Ky. 467, 194 S.W.2d 993 (1946). In many cases, a court trial will be speedier and less expensive than a jury trial. We should not discourage court trials by construing KRS 454.040 to be limited only to jury trials. Not having demanded a trial by jury, Ohio River Pipeline may not complain that the trial judge rather than a jury determined that several damages should be awarded. CR 38.04.

There is no merit to Ohio River Pipeline's contention that its claim for damages was not an action for "trespass" within the scope of KRS 454.040. The statute has long been held to apply to a variety of torts without any reference to the necessity of pleading the elements of common law trespass. *See Orr v. Coleman,* Ky., 455 S.W.2d 59 (1970); *Brown Hotel Co. v. Pittsburgh Fuel Co.,* 311 Ky. 396, 224 S.W.2d 165 (1949); and *Central Passenger Ry. Co. v. Kuhn,* 86 Ky. 578, 6 S.W. 441, 9 Ky.L.Rptr. 725, 9 Am.St.Rep. 309 (1888). In its complaint, Ohio River Pipeline alleged "willful, wanton and reckless interference" by the defendants with its gas pipeline easement. Ohio River Pipeline sought both compensatory and punitive damages. Even if, as Ohio River Pipeline argues, its complaint was based on equitable principles of restitution rather than common law trespass, KRS 454.040 was an appropriate tool for a chancellor to use in forming the proper remedy. Ninety years ago, the court described the statute as an "equitable statute" intended to punish the greater wrongdoer more severely. *Central Passenger Ry. Co. v. Kuhn,*

*supra*, 86 Ky. at 594, 6 S.W. at 447. In any event, the defendant did commit trespass upon the Ohio River Pipeline's easement. *Conwell v. Brookhart*, 43 Ky. (4 B.Mon.) 580, 41 Am.Dec. 244 (1844). The trial court did not err in holding that KRS 454.040 was applicable to Ohio River Pipeline's action.

Ohio River Pipeline also raises several procedural challenges to the judgment of the trial court. This argument requires a chronological statement of a portion of the proceedings below:

*March 21, 1975.* The trial court entered a summary judgment for Ohio River Pipeline against Landrum and Associates; Miller, Wihry & Lee; and Skilton Construction in the sum of $25,246.15. The summary judgment constituted an interlocutory judgment because there was no recital that the judgment was final and no determination that there was no just reason for delay. CR 54.02(1).

*July 3, 1975.* An amended judgment was entered which included an award of interest on the original judgment. In addition, the amended judgment recited that Ohio River Pipeline's remaining claims were dismissed on its own motion. The last paragraph of the amended judgment then stated:

> The remaining issues raised by the third party complaint and cross-claims having been assigned for a two day trial on July 14, 1975 this judgment *shall become final* and enforceable for all purposes on July 16, 1975 *after which date* there is no just reason for delay and execution may issue hereon. (emphasis added).

*July 14, 1975.* The defendants filed a motion seeking an order amending the amended judgment of July 3 by deleting the last paragraph and further providing that the judgment of July 3 should not become final and appealable until such time as the trial court rendered findings of fact, conclusions of law and judgment on the issues litigated by the defendants at the trial commencing July 14, 1975. Ohio River Pipeline filed an objection to the motion to amend the judgment. Although notice was given that the motion to amend would be heard on August 8, 1975, no order was ever entered ruling on the motion to amend.

*December 12, 1975.* The trial court entered "opinion, findings of fact and conclusions of law and judgment." In this opinion, the trial court recited that the defendants' motion of July 14 to amend the judgment of July 3 "had the effecting of tolling the time for filing an appeal." In this opinion and judgment, the trial court fixed the liability of Skilton Construction at 15% of the judgment, the liability of Landrum and Associates at 45% of the judgment and the liability of Miller, Wihry & Lee at 40% of the judgment. The opinion and judgment of December 12 further recited that it was a final judgment and that there was no just cause for delay.

*December 22, 1975.* Miller, Wihry & Lee filed a motion for the court to enter a supplemental judgment. The supplemental judgment tendered with the motion was entered by the court on the same day. This supplemental judgment recited:

> As a supplement to the Judgments of this court of July 3, 1975 and December 12, 1975, the court hereby adjudges that the joint and several provisions of the Judgment of July 3, 1975 are, in view of the court's December 12, 1975 filings, eliminated and a Judgment against each defendant is hereby adjudged in the following percentages only:
>
> | | |
> |---|---|
> | Landrum and Associates | 45% |
> | Miller, Wihry & Lee | 40% |
> | Skilton Construction Company | 15% |

[6–8] Ohio River Pipeline argues that the trial court lost jurisdiction to amend the judgment of July 3 because the motion to amend that judgment was not filed until July 14, eleven days later. We agree that, as a general proposition, the court loses control of its judgment ten days after the date of entry unless an authorized motion is made or court action is taken within that time. W. Clay, *Kentucky Practice*, Civil Rule 59.04, comment 5 (3rd ed. 1974); *see also* CR 50.02, CR 52.02, CR 59.02, CR 59.04, and CR 59.05. The argument of Ohio River Pipeline would have merit but for the fact that the judgment of July 3 expressly provided that it "shall become final" on July 16 "after which date" there would be no just reason for delay. Even though the judg-

ment in question was entered on July 3, it is apparent that the trial court did not intend the judgment to become final until after the two day trial scheduled for July 14 on all issues between the defendants. The defendants' motion to amend the judgment was filed on July 14. The motion to amend was not untimely because it was filed two days before the judgment by its own terms would become final on July 16. Because the judgment would not become final until July 16, the judgment was necessarily interlocutory and subject to revision. When a judgment is entered prior to the effective date expressly set forth in the judgment, the judgment should not be deemed to have been entered until its effective date for the purpose of computing time under the civil rules of procedure. Otherwise, a litigant might be placed in the illogical position of appealing a judgment which had not yet become effective.

Last, Ohio River Pipeline asserts that the original judgment of July 3 imposing joint liability against the defendants was amended to award several damages without giving Ohio River Pipeline notice and an opportunity to be heard, thereby denying it due process of law. This argument has more merit. A joint judgment against multiple defendants will always be more valuable if there is any question respecting the solvency of one of the judgment debtors. If the judgment awards separate damages against the defendants, the plaintiff may be unable to collect the entire amount of his judgment. *See Cox v. Cooper,* Ky., 510 S.W.2d 530 (1974).

In its judgment of July 3, 1975, the trial court recited that the remaining issues raised by the cross-claims between the defendants had been assigned for a two-day trial commencing July 14, 1975. In the various cross-claims, Landrum and Associates, Miller, Wihry & Lee, and Skilton Construction had raised issues of indemnity and contribution. Therefore, Ohio River Pipeline was on notice that the relative fault of the various defendants remained an issue to be tried by the court. However, it does not follow that Ohio River Pipeline was on no-

tice that the trial court contemplated apportioning liability under KRS 454.040.

The distinction between indemnity and contribution was well stated by the court in *V. V. Cooke Chevrolet, Inc. v. Metropolitan Trust Co.,* Ky., 451 S.W.2d 428, 430 (1970):

> Indemnity, in essence, is shifting the entire loss from one tort feasor who has been compelled to pay it to the shoulders of another who should bear it instead. Contribution, on the other hand, distributes the loss among the tort feasors by requiring each to pay a share of the injured party's loss.

KRS 454.040 provides a means for distributing the loss among joint tort-feasors by requiring each to pay a specific portion of the injured party's loss. Because indemnity involves shifting the entire loss from one tort-feasor to another, indemnity can never involve apportionment of liability under KRS 454.040.

The right of contribution between joint tort-feasors is created by KRS 412.030. Like apportionment of liability under KRS 454.040, contribution is concerned with the distribution of loss among joint tort-feasors. However, there are important differences. Under KRS 454.040, the trier of fact may apportion liability among the joint tort-feasors on the basis of the percentage of causation attributable to each. Apportionment is not required to be equal. *S. W. Corum Hauling, Inc. v. Tilford,* Ky., 511 S.W.2d 220, 221 (1974); *Cox v. Cooper, supra,* 510 S.W.2d at 536. Under the doctrine of contribution, the liability of each joint tort-feasor is equal and is not apportioned on the basis of causation. *Nix v. Jordan,* Ky., 532 S.W.2d 762 (1975); *see also Lexington Country Club v. Stevenson,* Ky., 390 S.W.2d 137, 143, fn. 4 (1965); *Elpers v. Kimbel,* Ky., 366 S.W.2d 157, 161 (1963). If the trier of fact chooses to apportion its award among the joint tort-feasors, the question of contribution becomes moot. Each joint tort-feasor is no longer liable for the entire judgment. Under KRS 454.040, each tort-feasor is liable only for the amount apportioned against it by the trier

of fact. *Cox v. Cooper, supra,* 510 S.W.2d at 536–37; *Lexington Country Club v. Stevenson, supra,* 390 S.W.2d at 143. By reserving the issue of contribution in the judgment of July 3, the trial court did not expressly indicate that the question of apportionment was also reserved.

■ When the trial court apportioned liability among Landrum and Associates, Miller, Wihry & Lee, and Skilton Construction in its opinion and judgment of December 12, the trial court automatically amended the joint judgment of July 3. Under KRS 454.040, the liability of the defendants was no longer joint, but only several. *Cox v. Cooper, supra.* The amended judgment of December 22 did no more than make explicit what was only implicit in the opinion and judgment of December 12. As Professor Germain has pointed out, there are no guidelines for the application of KRS 454.040. *Supra,* 65 *Ky.L.J.* at 292–93. The trier of fact has complete discretion in determining whether the liability of joint tort-feasors is to be joint or is to be apportioned. Nevertheless, we cannot ignore the fact that Ohio River Pipeline was never given an opportunity to be heard on the applicability of the apportionment statute.

■ Due process dictates that a party be given notice and an opportunity to be heard, before the trial court on its own motion modifies the rights of the party under an existing judgment. *Cf.* CR 59.04; *Hoppe v. St. Louis Public Service Co.,* 361 Mo. 402, 235 S.W.2d 347, 23 A.L.R.2d 846 (1950). Ohio River Pipeline should have the opportunity to argue that the trial court should not apportion liability under KRS 454.040. It should also have the opportunity to question the percentage of liability imposed on each defendant on the basis of the evidence before the trial court. At the very least, Ohio River Pipeline should have the right to make the same points to the trial judge as it could have made in a closing argument to a jury properly instructed on the issue.

■ Even though Ohio River Pipeline is entitled to be heard on the issue of appor-tionment, it does not follow that it is entitled to a new trial in order to introduce additional testimony on the question of the relative fault of the defendants. Ohio River Pipeline was aware that the issue of relative fault would be tried commencing July 14. Ohio River Pipeline choose not to participate in that trial. There is no suggestion that Ohio River Pipeline has any additional evidence to offer on the issue. In fact, Ohio River Pipeline has never requested a new trial; it seeks only to have the judgment of July 3, reinstated.

We conclude that the judgment of December 22, 1975, must be vacated so that the trial court may reconsider the applicability of KRS 454.040 on the basis of the existing record after granting all of the parties an opportunity to be heard.

### III

Before turning to the merits of the cross-claim, we will examine the finding of facts made by the trial court. After finding from the evidence that all the defendants were aware of the easement, the trial court found:

> Skilton was merely the contractor who did the actual moving in accordance with the engineers instructions and plans. Skilton had no authority to put more or less burden on the easement nor did he have any authority to relocate any roads, easements or buildings. However, he was aware of the easement, he knew of the position of the Indiana Gas Company, and, he had a choice of whether to abandon the contract or complete it knowing that he was violating the rights of the plaintiffs if he did complete it.
>
> We do not believe Skilton bears the same degree of culpability in this case as do Landrum and Miller, Wihry & Lee. At the same time we do not believe that anyone can hide behind a contract which directs them to do a job in accordance with another's instructions, which job encroaches on the rights of a third-party.
>
> Because Skilton had absolutely no control over the amount of fill nor its location or the design of the undertaking

itself we would fix his liability for the judgment at fifteen percent.

It appears to us that Landrum and Miller, Wihry & Lee took a calculated risk and lost. Both of them knew of the existence of the easement; both of them knew that the Plaintiff would not tolerate the extra burden on their easement without a compensating raise of the pipeline; both of them had been in the engineering profession or in the developing field long enough to have acquired sufficient experience and knowledge as to the rights of the holders of easements and yet they proceeded to execute their own designs. We, therefore, set the liability of Landrum at forty-five percent of the judgment and the liability of Miller, Wihry & Lee at forty percent of the judgment.

The trial court's findings of fact are not clearly erroneous. CR 52.01. Therefore, with respect to the cross-claims, the only question is whether the trial court correctly applied the law to the facts.

■■■■ On its cross-appeal, Skilton Construction asserts that it has no liability to Ohio River Pipeline or, in the alternative that it was entitled to indemnity from Landrum and Associates and Miller, Wihry & Lee. This argument is based solely upon the fact that its interference with the gas pipeline easement was the result of following the plans and specifications provided by the owners and architects and which governed its duties under the construction contract. The trial court was correct in holding that Skilton Construction could not hide behind its contract with Landrum and Associates as a defense to the wrong committed to Ohio River Pipeline. Skilton Construction Company is not relieved from liability because it acted in accordance with the plans and specifications and at the directions of the owner and architect. *Restatement (Second) of Agency,* § 343 (1958); *Pool v. Adkisson,* 31 Ky. (1 Dana) 110, 112–15 (1833). The trial court did not err in holding Skilton Construction liable to Ohio River Pipeline.

Skilton Construction can make a stronger case on the issue of indemnity. If a contractor is required to pay damages for a trespass committed in carrying out the plans and specifications provided by the owner, the contractor may be entitled to indemnity from the owner. The contractor generally may assume that performance of the plans and specifications will not constitute a trespass on the rights of third persons. However, if the contractor knows that his acts are wrongful, indemnity is denied because the contractor and owner are in pari delicto. *Horrabin v. City of Des Moines,* 198 Iowa 549, 199 N.W. 988, 38 A.L.R. 554 (1924); *Restatement (Second) of Agency* § 439, comment *g.* In this case, Skilton Construction was fully aware that it was covering the gas pipeline easement with an excessive amount of fill. The trial court did not err in dismissing Skilton's Construction's claim of indemnity.

■■■ On the cross-appeals of Landrum and Associates and Miller, Wihry & Lee, each asserts that it is entitled to indemnity from the other. Neither cross-appeal has merit. Both Landrum and Associates and Miller, Wihry & Lee proceeded with complete knowledge that the rights of Ohio River Pipeline were being violated. Under the circumstances, both defendants were in pari delicto. Their wrong does not consist of passive or secondary negligence such as the failure to discover the wrong of another. Their wrong was active and primary. All of the parties proceeded with actual knowledge that the rights of Ohio River Pipeline were being violated. *See Brown Hotel Co. v. Pittsburgh Fuel Co.,* 311 Ky. 396, 224 S.W.2d 165 (1949). The trial court did not err in dismissing the indemnity claims of Landrum and Associates and Miller, Wihry & Lee.

IV

On the appeal of Ohio River Pipeline, the judgment of the circuit court is vacated, and the case remanded to the circuit court with directions to reconsider the application of KRS 454.040 on the basis of the present record after granting all parties an oppor-

tunity to be heard. On the cross-appeals of Skilton Construction, Landrum and Associate and Miller, Wihry & Lee, the judgment of the circuit court is affirmed.

All concur.