Herschel WIMMER, Appellant,

v.

CITY OF FT. THOMAS,
Kentucky, Appellee.

Court of Appeals of Kentucky.

July 17, 1987.

Robert N. Trainor, Covington, for appellant.

Jay R. Langenbahn, Cincinnati, Ohio, Jann R. Seidenfaden, Newport, for appellee.

Before COMBS, HOWARD and LESTER, JJ.

COMBS, Judge.

This is an appeal from an order of the Campbell Circuit Court dismissing appel-

lant's complaint against appellee because it was barred by the applicable statute of limitation. Appellant sought to recover damages to his real property which he claims resulted from appellee's negligence.

In 1955, appellant purchased a house and lot located within the City of Fort Thomas, Kentucky. Appellant began noticing slippage of his property almost as soon as he purchased it. His property slopes downward from the appellee's street to the back of appellant's lot. According to appellant, every heavy rainfall causes further erosion and slippage of his property. Appellee's street was not equipped with gutters or drain basins when appellant bought the land, nor at anytime up to the present. Some of the runoff water comes upon appellant's land from adjacent, privately owned property.

*Commonwealth, Department of Highways v. Ratliff,* Ky. 392 S.W.2d 913 (1965), held that actions for damages to real property caused by another's negligence sound in trespass, and the five-year statute of limitation applies to them. KRS 413.120(4). The trespass in the *Ratliff* case was a one-time incident of damage to a highway bridge by a truck and driver. The court held that suit must be brought, if at all, during the five-year period following the damage. Here, appellant alleges a continuing trespass as a result of appellee's negligent failure to properly maintain its street fronting his property.

Offending structures causing continuing trespasses and recurring damages are not susceptible to a simplistic application of the five-year limit. The cases dealing with the issue of when a suit for continuing trespass has to be commenced are many and of early origin. Guiding principles were elucidated by the courts at least as early as seventy-five years ago in *Madisonville, Hartford & Eastern Railroad Co. v. Graham,* 147 Ky. 604, 144 S.W. 737 (1912). That case laid down the following:

(1) For a permanent structure, properly built, a single recovery must be had for all damages; (2) for a structure unlawfully or negligently built, though intended to be permanent, recurring recoveries for such improper or negligent construction, may be had as the injuries occur; (3) for a temporary structure, recurring recoveries may be had as the injuries occur; (4) whether the original construction was unlawful or negligent, is a question for the jury under the evidence when presented by the pleading and the proof is conflicting.

*Id.* 144 S.W. at 738.

The *Graham* case's principles have been repeatedly observed since 1912. *See Chesapeake & Ohio Ry. Co. v. Salyer,* 272 Ky. 171, 113 S.W.2d 1152 (1938); *City of Covington v. McKinney,* 263 Ky. 131, 92 S.W.2d 1 (1936); *Honaker v. Chesapeake & Ohio Ry. Co.,* 209 Ky. 576, 273 S.W. 81 (1925); *L. & N. Ry. Co. v. Bennett,* 196 Ky. 679, 246 S.W. 121 (1922).

There is an exception to the second consideration which must be kept in mind. That is:

That although the structure be unlawfully or negligently built, yet, if it is intended to be permanent, and it cannot be repaired or remedied so as to avoid recurring injuries at a reasonable expense, or at an expense commensurate with the damages done by reason of its existence, then there must be a recovery once for all.

*Honaker, supra* 273 S.W. at 82.

■ We may succinctly put these guidelines as follows:

(1) If the offending structure is permanent and non-negligent, suit must be brought within five years from the date the cause of action accrued;

(2) If the offending structure is permanent but negligently or unlawfully built or maintained, recurring recoveries may be had as the injuries occur;

(3) If the offending structure is temporary, recurring recoveries may be had irrespective of negligence;

(4) If the offending structure is permanent but unlawfully built or negligent, only a one-time recovery brought within five years from the date the cause of action accrued is allowed if it be shown that the structure cannot be remedied at

an expense reasonable in relation to the damage;

(5) If the evidence on the question of negligence presents a genuine issue, it is for the jury to decide.

Today we again uphold these venerable principles.

■ Obviously, it is important to decide if the structure is permanent or temporary. A structure is permanent if it cannot be readily remedied, removed or altered at reasonable expense, or is durable and meant to last indefinitely. Conversely, if the structure can be changed or repaired or remedied at reasonable expense, it is temporary. *Fergerson v. Utilities Elkhorn Coal Company*, Ky., 313 S.W.2d 395 (1958). If in the opinion of the trial court the evidence before it makes this a genuine issue it likewise is a question for the jury.

■ If the five-year statute of limitations does apply, the date the cause of action accrued is the date the structure was completed and its operations commenced, or the date of the first injury, or the date it became apparent that injury would occur. *Lynn Mining Co. v. Kelly*, Ky., 394 S.W.2d 755 (1965). If the five-year statute of limitations does not apply, damages are recoverable for the five-year period immediately preceding the instigation of the action. *Fergerson, supra* at 399.

■ In the instant case, there is nothing in the record indicating that appellee introduced any proof of the existence of any of the situations that would compel application of the five-year statute of limitations. Pleading the statute of limitations is an affirmative defense, thus it was the burden of the appellee to show his entitlement to it. CR 8.03; *Lynn Mining Co., supra* at 759.

Additionally, it does not appear that the court considered these principles. The court should reconsider appellee's motion in light of the above-enumerated principles, with the burden being upon appellee to thereby show his defense of limitation is meritorious. If none of the pertinent facts present genuine issues, the court can and should decide the motion as a matter of law. *Lynn Mining Co., id.* If there are such factual issues, decision on the motion should be made by having the jury render a special verdict under CR 49.01.

Accordingly, the order dismissing appellant's complaint is hereby reversed and this cause is remanded to the Campbell Circuit Court for further proceedings consistent with this opinion.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

HOWARD, J., concurs.

LESTER, J., dissents.

LESTER, Judge, dissenting.

I must respectfully dissent although I have no disagreement with the principles set forth in the majority opinion. What is disconcerting about the litigation is very succinctly pointed out by Judge Combs when he writes:

In 1955, appellant purchased a house and lot located within the City of Fort Thomas, Kentucky. Appellant began noticing slippage of his property almost as soon as he purchased it. His property slopes downward from the appellee's street to the back of appellant's lot. According to appellant, every heavy rainfall causes further erosion and slippage of his property. Appellee's street was not equipped with gutters or drain basins when appellant bought the land, nor at anytime up to the present. Some of the runoff water comes upon appellant's land from adjacent, privately owned property.

In other words, appellant was aware of the problem or had notice of it for over thirty years and now complains of appellee's action or inaction, but only after he has unsuccessfully sued several other entities over this same condition.