# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joseph F. John,**
**Plaintiff Below, Petitioner**

**vs) No. 13-0676** (Monongalia County 11-C-78)

**Richard Ringer,**
**Defendant Below, Respondent**

**FILED**

May 30, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner and plaintiff below, Joseph F. John, by counsel Peter D. Dinardi, appeals the May 21, 2013, order of the Circuit Court of Monongalia County denying his motion for a new trial following a jury verdict awarding damages for breach of contract to Respondent Richard Ringer. Respondent, by counsel William C. Brewer and J. Brandon Shumaker, filed a response, to which petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner purchased certain property in Morgantown, West Virginia, at a tax sale in April of 1996. In 2001, Thomas and Margaret Kinser, who were then renting a home located on the property, agreed to purchase it from petitioner. In turn, petitioner agreed to owner finance the purchase. He deeded the property to the Kinsers and held a deed of trust thereon. In 2007, the Kinsers vacated the property.

Thereafter, on April 10, 2008, petitioner and respondent entered into a construction loan agreement pursuant to which petitioner agreed to loan respondent $15,000.00 for the purpose of making needed repairs on the property, "together with [petitioner's] financing of the purchase price in the amount of $25,000.00."[1] The loan was evidenced by respondent's promissory note in the amount of $40,000.00, payable to petitioner beginning on June 15, 2008. The construction loan agreement provided, in relevant part, that petitioner holds a valid first lien Deed of Trust on the property for the transfer of the property to the Kinsers; that the Kinsers are "in default and have acknowledged that they will execute a deed to [respondent] without consideration[;]" that petitioner "shall release its Deed of Trust with Kinser once [respondent] has obtained a valid

---

[1]The subject property had been condemned and was on the verge of being razed by the City of Morgantown.

recordable deed from Kinser and [petitioner's] Deed of Trust with [respondent] has been recorded[;]" and petitioner and respondent "expressly agree that in the event [respondent] is unable to obtain a valid recordable deed from Kinser . . ., [petitioner] shall foreclose upon Kinser in a timely fashion, the cost of said foreclosure action shall be paid for by [respondent]."

Petitioner began providing construction draws in the amount of $5,000.00 to respondent, who then began making extensive repairs and renovations to the property, both in and around the house situated thereon.[2] Meanwhile, respondent also attempted to obtain a deed to the property from the Kinsers, as required by the construction loan agreement, above. Prior to June 15, 2008, the date on which the first payment under the promissory note was due, respondent advised petitioner that the Kinsers could not provide him a deed to the property. Notwithstanding the fact that, in such an event, the construction loan agreement required petitioner to then foreclose upon the Kinsers "in a timely fashion," petitioner did not foreclose on the property until March 10, 2009 (approximately nine months later). Petitioner later purchased the property at auction.

Petitioner subsequently instituted a breach of contract action against respondent, alleging that respondent failed to improve the property and, in fact, "damaged the property by 'gutting' the interior of the house and doing other damage . . . .[;]" failed to make any payments on the promissory note; and failed to purchase the property, all resulting in losses to petitioner in excess of $80,000. Respondent filed an answer and counterclaim, alleging breach of contract for petitioner's failure to deed, sell, or otherwise transfer the property, and unjust enrichment because petitioner received the benefit of the value of the work performed by respondent on the subject property.

Following a jury trial, the trial court directed a verdict in favor of petitioner as to petitioner's claim for $15,000.00 under the promissory note, and granted judgment to petitioner in that amount. The trial court also directed a verdict in favor of respondent on all of petitioner's remaining claims (including, but not limited to, loss of income, cost to maintain, fees and costs, and lost profits), with the exception of loss of use, which includes damages for annoyance and inconvenience. The trial court reasoned that petitioner "submitted no evidence of damages that the jury could reasonably rely upon concerning" the foregoing claims. Accordingly, the trial court permitted petitioner's breach of contract claim to be considered by the jury and any award of damages be limited to loss of use. The trial court further found that, over respondent's objection, an express contract covered the issues in this case and, therefore, directed a verdict

---

[2]The renovations and repairs included, but were not limited to, removing a chain link fence from the yard; removing a deteriorating and falling stone wall in the back yard; regrading and reseeding the lawn; removing piles of brush, eight trees and stumps in order to regrade and gravel the surface next to the house for off-street parking; building a new set of stairs to the home's front entrance; removing deteriorating plaster and lath boards from the interior walls; removing electrical wiring, deteriorated interior stairwell, trim, baseboard and doors; jacking up the front porch and erecting new support beams; installing vinyl siding, new windows, shutters, and front and rear doors; installing new electrical wiring, boxes, and outlets to meet building code standards; installing new insulation and drywall; and purchasing a new commode and installing new plumbing.

against respondent for unjust enrichment and permitted only respondent's breach of contract claim to be considered by the jury. The jury subsequently found that both parties breached the contract for the purchase/sale of the property and concluded that petitioner incurred damages in the amount of zero dollars ($0.00) and that respondent incurred damages in the amount of $51,361.09. Accordingly, petitioner was awarded the amount of $15,000.00 (for respondent's breach of the loan agreement), and respondent, the amount of $51,361.09. Petitioner's post-trial motion for a new trial was denied. This appeal followed.

With respect to the standard of review for the denial of a motion for new trial, we have held as follows:

> "[T]he ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, [and] the trial court's ruling will be reversed on appeal [only] when it is clear that the trial court has acted under some misapprehension of the law or the evidence." Syl. pt. 4, in part, *Sanders v. Georgia-Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976).

*Sydenstricker v. Mohan*, 217 S.E.2d 552, 556-57, 618 S.E.2d 561, 565-66 (2005). We have further explained that,

> [a]s a general proposition, we review a circuit court's rulings on a motion for a new trial under an abuse of discretion standard. *In re State Public Building Asbestos Litigation*, 193 W.Va. 119, 454 S.E.2d 413 (1994) (Asbestos Litigation). Thus, in reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. 97, 104, 459 S.E.2d 374, 381 (1995). Moreover, we have historically favored supporting jury verdicts and will affirm a verdict unless there are compelling reasons to set it aside. *See* Syl. Pt. 2, *Stephens v. Bartlett,* 118 W.Va. 421, 191 S.E.2d 550 (1937). With these general standards in mind, we proceed to review the issues raised in this appeal.

Petitioner's first assignment of error is that the trial court erred in permitting the jury to consider respondent's breach of contract counterclaim after the court had already directed a verdict against respondent on petitioner's claim for breach of contract. Relying on *Reiser v. Lawrence*, 96 W.Va. 82, 123 S.E. 451 (1924), petitioner argues that the evidence at trial demonstrated that respondent breached the contract first by defaulting on the payments under the contract and that, as a result, petitioner was thereafter excused from performing under the contract (i.e., owner financing respondent's purchase of the subject property). However, respondent argues that the "first breach" principle does not apply to this case because there was not a single contract, but rather, two separate agreements: the agreement under which petitioner loaned respondent $15,000.00 to be used to renovate the subject property, and the owner finance

agreement to purchase same.

From our review of the record, we conclude that petitioner's argument was not timely raised and is, therefore, waived. After the trial court granted petitioner's motion for directed verdict for breach of the $15,000.00 loan agreement based upon respondent's failure to make payments thereunder, it allowed both parties' breach of contract claims under the $25,000.00 owner finance purchase agreement to be considered by the jury. Petitioner failed to object on any grounds (including that there was only a single contract and that the "first breach" principle applied); failed to move for a directed verdict (as he did on his breach of contract claim with regard to the loan agreement); and failed to object to the jury instructions on the issue. It is well established that "'[w]here objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered upon appeal.' Syllabus point 7, *Wheeling Dollar Savings and Trust v. Leedy*, 158 W.Va. 926, 216 S.E.2d 560 (1975)." Syllabus, *Smith v. Holloway Const. Co.*, 169 W.Va. 722, 289 S.E.2d 230 (1982). *See State v. Whittaker*, 221 W.Va. 117, 131, 650 S.E.2d 216, 230 (2007) ("Ordinarily, a party must raise his or her objection contemporaneously with the trial court's ruling to which it relates or be forever barred from asserting that that ruling was in error."). Petitioner's argument is, therefore, without merit.

Petitioner's second assignment of error is that the evidence did not support the jury's verdict that petitioner breached the provision of the contract requiring him to foreclose on the subject property "in a timely fashion" after respondent was unable to secure a deed from Mr. and Mrs. Kinser. Respondent testified that, prior to June 15, 2008, the date upon which the first payment on the loan was due, he advised petitioner that he was unable to obtain a deed from the Kinsers. It is undisputed that petitioner did not foreclose on the subject property for another nine months and never presented a deed to respondent. Petitioner argues, however, that the evidence revealed that, in October of 2008, respondent received a deed from Mr. Kinser for a one-half interest in the subject property; that petitioner did not immediately foreclose because there was a possibility that respondent could have obtained the remaining interest in the deed, thereby obviating the need to foreclose; and that respondent advised petitioner that he would secure the remaining interest in the deed but that he needed more time to do so.

In reviewing a jury verdict for sufficiency of the evidence, this Court is guided by the following:

> "'In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.' Syl. pt. 5, *Orr v. Crowder*, 173 W.Va. 335, 315 S.E.2d 593 (1983), *cert denied*, 469 U.S. 981, 105 S.Ct. 384, 83 L.Ed.2d 319 (1984)." Syl. Pt. 6, *McClung v. Marion County Comm'n.*, 178 W.Va. 444, 360 S.E.2d 221 (1987)."

Syl. Pt. 2, *Tanner v. Rite Aid of W.Va., Inc.*, 194 W.Va. 643, 461 S.E.2d 149 (1995). This Court

4

has held that

> [i]n determining whether the verdict of a jury is supported by the evidence, every reasonable and legitimate inference, fairly arising from the evidence in favor of the party for whom the verdict was returned, must be considered, and those facts, which the jury might properly find under the evidence, must be assumed as true.

Syl. Pt. 3, *Walker v. Monongahela Power Co.*, 147 W.Va. 825, 131 S.E.2d 736 (1963). In consideration of the record before us, we conclude that the evidence at trial reasonably supports the jury's verdict that petitioner breached the parties' contract. When every reasonable and legitimate inference in favor of respondent's position and fairly arising from the evidence is assumed as true, the jury did not improperly conclude that petitioner failed to timely foreclose on the subject property after respondent advised petitioner that he was unable to obtain a deed from Mr. and Mrs. Kinser. We, thus, find no merit to petitioner's contention that the evidence did not support the jury verdict finding that petitioner breached the parties' contract.

Petitioner's final assignment of error is that the trial court erred in refusing to give a jury instruction regarding his expert witness's trial testimony as to the costs of repair and replacement of the subject property. Petitioner argues that it was confusing to the jury to allow jury instructions on the estimated costs to which respondent's expert testified regarding the value of the materials and work performed by respondent on the subject property while disallowing jury instructions based upon testimony given by petitioner's expert relating to the costs of replacement and repair. We disagree and find no error.

As previously noted, the trial court directed a verdict against petitioner and in favor of respondent on petitioner's claims of loss of income, cost to maintain, fees and costs, and lost profits, with the exception of loss of use, which included damages for annoyance and inconvenience. The trial court reasoned that petitioner "submitted no evidence of damages that the jury could reasonably rely upon concerning" the foregoing claims. In its order denying petitioner's motion for a new trial, entered May 21, 2013, the trial court clarified that the testimony of petitioner's expert witness "was limited to. . . the cost to build a new home, rather than the cost to repair any alleged damages cause[d] by [respondent][;]" that "[petitioner's expert] did not utilize the proper measure of damages for the claim[s] asserted by [petitioner][;]" and that, "therefore, no instruction related to the testimony of [petitioner's expert] was necessary."[3] The trial court permitted petitioner's breach of contract claim to be considered by the jury and any award of damages be limited to loss of use. The jury concluded that both parties breached the contract for the purchase/sale of the subject property and, as indicated above, awarded petitioner zero damages.

The proper measure of damages that are temporary in nature and repairable—as they are in this case—"is the cost of making such repairs and restoring the property to its former

---

[3]The trial court further noted that given that "the only claim of [petitioner] presented to the jury at the trial of this matter was a claim for Loss of Use, which did not relate to [petitioner's expert's] testimony, . . . no instruction related to the testimony of [the expert] was necessary."

condition." *Cline v. Paramount Pacific, Inc.*, 156 W.Va. 641, 646, 196 S.E.2d 87, 91 (1973) (citing *Manley v. Brown*, 90 W.Va. 504, 111 S.E. 505 (1922)). More specifically, the measure of such damages "is the cost of material and labor reasonably necessary to restore the damaged property approximately to its condition when injured; and for this purpose evidence of such costs is admissible as affording a fairly accurate basis for estimating compensation for the injury done." *Id.* Thus, as we held in syllabus point two of *Cline*, "[t]he proper measure of damages where the injury is temporary is cost of repair, compensation for loss of use or rent, and reimbursement for actual expenses occasioned thereby." 156 W.Va. at 641, 196 S.E.2d at 87 (quoting Syl. Pt. 4, *O'Dell v. McKenzie*, 150 W.Va. 346, 145 S.E.2d 388 (1965)). In the present case, petitioner's expert witness testified as to the costs of repairing the subject property in order to bring it up to building code standards even though the property had been condemned and was on the verge of being razed, and estimated the costs for such repair to be $111,000.00. Petitioner's expert was unable to testify to the condition of the subject property when respondent allegedly injured the property, nor did petitioner present any other evidence in this regard. Given that petitioner failed to offer evidence of the cost of making repairs and restoring the subject property to its former condition, we conclude that it was not error for the trial court to refuse to instruct the jury regarding the expert's cost estimates because such estimates were not the proper measure of damages in this case and, therefore, were not relevant.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 30, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

6